# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

MILWAUKEE ELECTRIC TOOL
CORPORATION, TECHTRONIC POWER
TOOLS TECHNOLOGY LIMITED, ONE
WORLD TECHNOLOGIES, INC.,
TECHTRONIC INDUSTRIES COMPANY
LIMITED, and A&M INDUSTRIES S.A.R.L.,

            Plaintiffs,

      v.

AUDIOVOX CORPORATION, AUDIOVOX
ACCESSORIES CORPORATION,
TECHNUITY, INC., BATTERIES.COM, LLC,
and FINE DRAGON TECHNOLOGY
LIMITED,

            Defendants.

Case No. 11-cv-517

## COMPLAINT

    The Plaintiffs, Milwaukee Electric Tool Corporation, Techtronic Power Tools Technology Limited, One World Technologies, Inc., Techtronic Industries Company Limited., and A&M Industries S.a.r.l. (collectively, "Plaintiffs"), file this Complaint against the Defendants, Audiovox Corporation, Audiovox Accessories Corporation, Batteries.com, LLC, Technuity, Inc., and Fine Dragon Technology Limited (collectively, "Defendants"), alleging as follows:

### THE PARTIES

    1.    Plaintiff Milwaukee Electric Tool Corporation ("Milwaukee") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 13135 West Lisbon Road, Brookfield, Wisconsin 53005.

2.     Milwaukee is in the business of, *inter alia*, designing, developing, marketing, manufacturing, and selling power tools and power tool accessories, including batteries and battery chargers for use with cordless power tools.

3.     Milwaukee is the owner of United States Design Patent Nos. D494,130; D539,221; D558,670; and D564,444 and United States Trademark Registration Nos. 917,618; 1,489,877; 2,624,843; 3,175,161; and 3,772,366.

4.     Plaintiff Techtronic Power Tools Technology Limited ("Techtronic Power Tools"), formerly known as Eastway Fair Company Limited, is a corporation organized and existing under the laws of the British Virgin Islands with its principal place of business located at Trident Chambers, P.O. Box 146, Road Town, Tortola, British Virgin Islands.

5.     Techtronic Power Tools is the current owner of United States Design Patent Nos. D504,394; D579,868; D580,353; and D593,944 and United States Trademark Registration No. 3,298,798.

6.     Plaintiff One World Technologies, Inc. ("One World") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina 29625.

7.     One World is in the business of, *inter alia*, designing, developing, marketing, distributing, and selling power tools and power tool accessories, including batteries and battery chargers for use with cordless power tools.

8.     One World is licensed to use the ONE + trademark, a variation of the ONE + SYSTEM trademark (United States Trademark Registration No. 3,298,798), for the RYOBI Li-Ion Battery.

9.     Plaintiff Techtronic Industries Company Limited ("TTi") is a corporation organized and existing under the laws of Hong Kong with its principal place of business located at 24/F, CDW Building, 388 Castle Peak Road, Tsuen Wan, N.T. Hong Kong.

10.    TTi is in the business of, *inter alia*, designing, developing, marketing, manufacturing, distributing, and selling power tools and power tool accessories, including batteries and battery chargers for use with cordless power tools.

11.    Plaintiff A&M Industries S.a.r.l. ("A&M") is a holding company organized and existing under the laws of Luxembourg with its principal place of business located at 6C, rue Gabriel Lippman L-5365 Munsbach, Luxembourg.

12.    A&M and TTi are licensees of United States Trademark Registration No. 1,995,042.

13.    On information and belief, Defendant Audiovox Corporation ("Audiovox") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 180 Marcus Boulevard, Hauppauge, New York 11788.

14.    On information and belief, Audiovox imports, sells, and/or offers for sale a variety of battery products, including batteries for cordless power tools, through the website www.batteries.com ("the Batteries.com website").

15.    On information and belief, Defendant Audiovox Accessories Corporation ("AAC") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 111 Congressional Boulevard, Carmel, Indiana 46032.

16.    On information and belief, AAC is a wholly-owned subsidiary of Audiovox.

17.    On information and belief, AAC imports, sells, and/or offers for sale a variety of battery products, including batteries for cordless power tools, through the Batteries.com website.

18. On information and belief, Defendant Technuity, Inc. ("Technuity") is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located at 6024 West 79th Street, Indianapolis, Indiana 46278.

19. On information and belief, Technuity is owned by AAC.

20. On information and belief, Technuity owns and/or operates the Batteries.com website.

21. On information and belief, Technuity imports, sells, and/or offers for sale a variety of battery products, including batteries for cordless power tools, through the Batteries.com website.

22. On information and belief, Defendant Batteries.com, LLC is a limited liability company organized and existing under the laws of the State of Indiana with its principal place of business located at 111 Congressional Boulevard, Suite 350, Carmel, Indiana 46032.

23. On information and belief, Batteries.com, LLC owns and/or operates the Batteries.com website.

24. On information and belief, Batteries.com imports, sells, and/or offers for sale a variety of battery products, including batteries for cordless power tools, through the Batteries.com website.

25. On information and belief, Defendant Fine Dragon Technology Limited ("Fine Dragon") is a company organized and existing under the laws of China with its principal place of business located at Building 19, Xihu Industrial Zone, Henggang Town, Longgang District, Shenzhen, China 518002.

26. On information and belief, Fine Dragon manufactures, sells, and/or offers for sale its "Golden Dragon" brand of batteries for cordless devices, including power tools.

27.     On information and belief, Fine Dragon manufactures, sells, and/or offers for sale its "Golden Dragon" brand of batteries for cordless devices, including power tools, which are offered for sale on the Batteries.com website.

<u>JURISDICTION AND VENUE</u>

28.     This is an action for: (1) patent infringement in violation of 35 U.S.C. § 271; (2) trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1); (3) trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) false advertising and false endorsement under 15 U.S.C. § 1125(a); (5) unfair competition under 15 U.S.C. § 1225(a); (6) false advertising under Wis. Stat. § 100.18; and (7) common law trademark infringement and unfair competition under Wisconsin law.

29.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a), and has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims.

30.     The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.  Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

31.     This Court has personal jurisdiction over Audiovox, AAC, Batteries.com, LLC, and Technuity because they, upon information and belief, regularly transact business in the State of Wisconsin and in this judicial district by, among other things, the sale of power tool batteries through the Batteries.com website.  At a minimum, Audiovox, AAC, Batteries.com, LLC, and Technuity place their products, including the infringing products identified in this Complaint, into the stream of commerce knowing that such products will be sold in this district.

32.     This Court has personal jurisdiction over Fine Dragon because Fine Dragon, upon information and belief, regularly transacts business in the State of Wisconsin and in this judicial district by, among other things, the sale of power tool batteries to Technuity for sale through the Batteries.com website.  At a minimum, Fine Dragon places its products, including the infringing products identified in this Complaint, into the stream of commerce knowing that such products will be sold in this district.

33.     Venue is proper in this district based on 28 U.S.C. § 1391(b) and (c) and § 1400(b).

<u>SUBSTANTIVE ALLEGATIONS</u>

**Plaintiffs' Products**

34.     Milwaukee and One World develop, design, distribute, market, and sell a wide range of power tools and accessories, including batteries for cordless power tools.  Milwaukee also manufactures power tools and accessories.  Through their creative efforts and desire to create unique brands of quality products, Milwaukee and One World have developed a variety of distinctive battery designs.

35.     Milwaukee currently sells 28-volt and 18-volt lithium ion ("Li-Ion") batteries and 18-volt and 14.4-volt nickel cadmium ("NiCd") batteries under its MILWAUKEE and MILWAUKEE Logo trademarks.  Milwaukee also uses the V28 trademark for its 28-volt Li-Ion battery (hereafter the "V28 Li-Ion Battery") and the V18 trademark for its 18-volt Li-Ion battery (hereafter the "V18 Li-Ion Battery").  Milwaukee's Li-Ion and NiCd batteries are rechargeable and designed for use with Milwaukee's cordless power tools.

36.     One World's rechargeable power tool battery offerings include an 18-volt Li-Ion battery, which One World sells under the RYOBI and ONE + trademarks (hereafter the "RYOBI Li-Ion Battery").

**Plaintiffs' Trademarks & Trade Dress**

*The MILWAUKEE Marks*

37.     Milwaukee owns United States Trademark Registration Nos. 917,618; 1,489,877; 2,624,843; and 3,772,366 for the MILWAUKEE and MILWAUKEE Logo trademarks (hereafter collectively "the MILWAUKEE Marks").  A copy of these registration certificates are attached as Exhibit 1.  Registration Nos. 917,618; 1,489,877; and 2,624,843 are incontestable under 15 U.S.C. § 1115(b) and constitute conclusive evidence of the validity of the marks and Milwaukee's exclusive right to use the registered marks for the goods identified in the registrations.  Registration No. 3,772,366 is *prima facie* evidence under 15 U.S.C. § 1115(a) of the validity of the registered mark and Milwaukee's exclusive right to use the registered mark for the goods identified in the registration.

38.     Milwaukee has sold power tools under the MILWAUKEE trademark since 1924 and under the MILWAUKEE Logo since 1938.  As a result of Milwaukee's longstanding use of the MILWAUKEE Marks for power tools, the marks represent a tremendous amount of goodwill and identify Milwaukee as the source of the power tools and power tool accessories bearing the MILWAUKEE Marks.

*The V28 and V18 Trademarks and the V28 and V18 Li-Ion Battery Trade Dress*

39.     Milwaukee owns United States Trademark Registration No. 3,175,161 for the V28 trademark.  A copy of the registration certificate is attached as Exhibit 2.  The registration is

*prima facie* evidence under 15 U.S.C. § 1115(a) of the validity of the registered mark and Milwaukee's exclusive right to use the V28 trademark for the goods identified in the registration.

40.     Milwaukee owns and uses the V18 trademark for power tools and batteries and has sold these goods under its V18 trademark throughout the United States.

41.     Milwaukee commercially released the V28 line of power tools and batteries in 2005 and the V18 line of power tools and batteries in 2006.  Since that time, Milwaukee has spent substantial time, money, and effort in advertising, promoting and marketing the V28 and V18 power tool lines and the distinctive look and feel of these product lines, including the V28 Li-Ion Battery and the V18 Li-Ion Battery.

42.     The V28 Li-Ion Battery incorporates several non-functional, arbitrary design elements shown in the product photographs attached as Exhibit 3, including but not limited to the shape and red color of the release button and the design of the battery gauge on the front of the V28 Li-Ion Battery (hereafter the "V28 Li-Ion Battery Trade Dress").

43.     As a result of Milwaukee's extensive sales and promotions of the V28 Li-Ion Battery Trade Dress since 2005, the V28 Li-Ion Battery Trade Dress has obtained secondary meaning and consumers associate the V28 Li-Ion Battery Trade Dress with Milwaukee.

44.     The V18 Li-Ion Battery incorporates several non-functional, arbitrary design elements shown in the product photographs attached as Exhibit 4, including but not limited to the shape and red color of the release button and the design of the battery gauge on the front of the V18 Li-Ion Battery (hereafter the "V18 Li-Ion Battery Trade Dress").

45.     As a result of Milwaukee's extensive sales and promotions of the V18 Li-Ion Battery Trade Dress since 2006, the V18 Li-Ion Battery Trade Dress has obtained secondary meaning and consumers associate the V18 Li-Ion Battery Trade Dress with Milwaukee.

*Milwaukee's NiCd Battery Trade Dress*

46.     Milwaukee's NiCd batteries incorporate several non-functional, arbitrary design elements shown in the product photograph attached as Exhibit 5, including but not limited to the shape and placement of the release button and shape of the product (hereafter the "Milwaukee NiCd Battery Trade Dress").

47.     As a result of Milwaukee's extensive sales and promotions of the Milwaukee NiCd Battery Trade Dress since 1996, the Milwaukee NiCd Battery Trade Dress has obtained secondary meaning, and consumers associate the Milwaukee NiCd Battery Trade Dress with Milwaukee.

*The RYOBI and ONE + Trademarks and the RYOBI Li-Ion Battery Trade Dress*

48.     TTi and A&M are licensees of United States Trademark Registration No. 1,995,042 for the RYOBI trademark.  A copy of this registration certificate is attached as Exhibit 6.  The registration is incontestable under 15 U.S.C. § 1115(b).

49.     TTi and A&M are licensed to sell RYOBI brand tools in the United States.  The RYOBI mark has been in use for tools since 1966, and TTi, A&M, and their predecessors-in-interest have sold cordless power tools and batteries for cordless power tools under the RYOBI trademark since July 31, 2000.

50.     Techtronic Power Tools owns United States Trademark Registration No. 3,298,798 for the ONE + SYSTEM trademark.  A copy of this registration certificate is attached as Exhibit 7.  The registration is *prima facie* evidence under 15 U.S.C. § 1115(a) of the validity of the registered mark and Techtronic Power Tools' exclusive right to use the ONE + SYSTEM trademark for the goods identified in the registration.

51.    One World is licensed to use the ONE + trademark, a variation of the ONE + SYSTEM trademark, for the RYOBI Li-Ion Battery, and One World has used both the ONE + trademark and the stylized ONE + Logo trademark (as pictured on the RYOBI Li-Ion Battery in Exhibit 8) since September 30, 2004.

52.    The RYOBI Li-Ion Battery incorporates several non-functional, arbitrary design elements shown in the product photographs attached as Exhibit 9, including but not limited to the design of the battery gauge and the design and layout of the front face of the battery (hereafter the "RYOBI Li-Ion Battery Trade Dress").

53.    As a result of One World's extensive sales and promotions of the RYOBI Li-Ion Battery Trade Dress since 2007, the RYOBI Li-Ion Battery Trade Dress has obtained secondary meaning, and consumers associate the RYOBI Li-Ion Battery Trade Dress with One World.

**Defendants' Trademark and Trade Dress Infringement**

54.    Defendants manufacture and sell a 28-volt Li-Ion battery advertised as "Milwaukee Power Tool Compatible" (Product Code / Manufacturer Part #: BTBMILWAUKEE28S) (hereafter "the BTBMILWAUKEE28S 28-volt Li-Ion battery") that copies the distinctive and non-functional design aspects of Milwaukee's V28 Li-Ion Battery Trade Dress and uses the marks "MIL-28V," "MIL" and "28V" as shown in the product photographs attached as Exhibit 10 and arrives in packaging shown in Exhibit 11 that states "FOR MILWAUKEE" without any reference to the Defendants.

55.    Defendants manufacture and sell an 18-volt Li-Ion battery advertised as "Milwaukee Power Tool Compatible" (Product Code / Manufacturer Part #: BTBMILWAUKEE18BS) (hereafter "the BTBMILWAUKEE18BS 18-volt Li-Ion battery") that copies the distinctive and non-functional design aspects of Milwaukee's V18 Li-Ion Battery

Trade Dress and uses the marks "MIL-18V," "MIL" and "18V" as shown in the product photographs attached as Exhibit 12 and arrives in packaging shown in Exhibit 13 that states "FOR MILWAUKEE" without any reference to the Defendants.

56.     Defendants manufacture and sell an 18-volt nickel metal hydride ("NiMH") battery advertised as "Milwaukee Power Tool Compatible" (Product Code / Manufacturer Part #: BTBTMILWAUKEE18AXL) (hereafter "the BTBTMILWAUKEE18AXL 18-volt NiMH battery") that copies the distinctive and non-functional design aspects of the Milwaukee NiCd Battery Trade Dress and uses the mark "MIL" as shown in the product photographs attached as Exhibit 14 and arrives in packaging shown in Exhibit 15 that states "FOR MILWAUKEE" without any reference to the Defendants.

57.     Defendants manufacture and sell a 14.4-volt NiMH battery advertised as "Milwaukee Power Tool Compatible" (Product Code / Manufacturer Part #: BTBTMILWAUKEE144AXL) (hereafter "the BTBTMILWAUKEE144AXL 14.4-volt NiMH battery") that copies the distinctive and non-functional design aspects of the Milwaukee NiCd Battery Trade Dress and uses the mark "MIL" as shown in the product photographs attached as Exhibit 16 and arrives in packaging shown in Exhibit 17 that states "FOR MILWAUKEE" without any reference to the Defendants.

58.     Defendants manufacture and sell a 12-volt NiMH battery advertised as "Milwaukee Power Tool Compatible" (Product Code / Manufacturer Part #: BTBTMILWAUKEE12AXL) (hereafter "the BTBTMILWAUKEE12AXL 12-volt NiMH battery") that copies the distinctive and non-functional design aspects of the Milwaukee NiCd Battery Trade Dress and uses the mark "MIL" as shown in the product photographs attached as

Exhibit 18 and arrives in packaging shown in Exhibit 19 that states "FOR MILWAUKEE" without any reference to the Defendants.

59.     Defendants manufacture and sell a 2.4-volt NiMH battery advertised as "Milwaukee Power Tool Compatible" (Product Code / Manufacturer Part #: BTBTMILWAUKEE24XL) (hereafter "the BTBTMILWAUKEE24XL 2.4-volt NiMH battery") that uses the mark "MIL" as shown in the product photographs attached as Exhibit 20 and arrives in packaging shown in Exhibit 21 that states "FOR MILWAUKEE" without any reference to the Defendants.

60.     As shown in Exhibit 22, the Batteries.com website prominently uses the MILWAUKEE trademark to advertise the BTBTMILWAUKEE28S 28-volt Li-Ion battery, the BTBTMILWAUKEE18BS 18-volt Li-Ion battery, the BTBTMILWAUKEE18AXL 18-volt NiMH battery, the BTBTMILWAUKEE144AXL 14.4-volt NiMH battery, the BTBTMILWAUKEE12AXL 12-volt NiMH battery, and the BTBTMILWAUKEE24XL 2.4-volt NiMH battery.

61.     Defendants manufacture and sell an 18-volt Li-Ion battery advertised as "Ryobi Power Tool Compatible" (Product Code / Manufacturer Part #: BTBTRYOBI18BS) (hereafter "the BTBTRYOBI18BS 18-volt Li-Ion battery") that copies the distinctive and non-functional design aspects of the RYOBI Li-Ion Battery Trade Dress and uses the marks "RYO" and "ONE +" as shown in the product photographs attached as Exhibit 23 and arrives in packaging shown in Exhibit 24 that states "FOR RYOBI" without any reference to the Defendants.

62.     Defendants manufacture and sell a 12-volt NiCd battery advertised as "Ryobi Power Tool Compatible" (Product Code: DATOOL159, Manufacturer Part #: RY-1204L) (hereafter "the RY-1204L 12-volt NiCd battery").

63.     Defendants manufacture and sell a 14.4-volt NiCd battery advertised as "Ryobi Power Tool Compatible" (Product Code: DATOOL161, Manufacturer Part #: TOOL-161) (hereafter "the TOOL-161 14.4-volt NiCd battery").

64.     Defendants manufacture and sell an 18-volt NiCd battery advertised as "Ryobi Power Tool Compatible" (Product Code: DATOOL163, Manufacturer Part #: RY-1804L) (hereafter "the RY-1804L 18-volt NiCd battery").

65.     As shown in Exhibit 25, the Batteries.com website prominently uses the RYOBI trademark to advertise the BTBTRYOBI18BS 18-volt Li-Ion battery, the RY-1204L 12-volt NiCd battery, the TOOL-161 14.4-volt NiCd battery, and the RY-1804L 18-volt NiCd battery.

66.     Defendants' trademark and trade dress infringement described herein has resulted in a customer mistakenly returning one of Defendants' batteries to Plaintiffs, thereby demonstrating actual confusion regarding the source of the Defendants' batteries.

**Defendants' Misleading Advertising Statements**

67.     Each description of the BTBTMILWAUKEE28S 28-volt Li-Ion battery, the BTBTMILWAUKEE18BS 18-volt Li-Ion battery, the BTBTMILWAUKEE18AXL 18-volt NiMH battery, the BTBTMILWAUKEE144AXL 14.4-volt NiMH battery, the BTBTMILWAUKEE12AXL 12-volt NiMH battery, and the BTBTMILWAUKEE24XL 2.4-volt NiMH battery on the Batteries.com website includes the statements: "Batteries.com can keep your Milwaukee power tool working with a quality battery" and the Batteries.com products "are designed to meet or exceed the original equipment specifications for your Milwaukee power tool." (See Exhibit 22.)

68.     Each description of the BTBTRYOBI18BS 18-volt Li-Ion battery, the RY-1204L 12-volt NiCd battery, the TOOL-161 14.4-volt NiCd battery, and the RY-1804L 18-volt NiCd

battery on the Batteries.com website includes the statements: "Batteries.com can keep your Ryobi power tool working with a quality battery" and the Batteries.com products "are designed to meet or exceed the original equipment specifications for your Ryobi power tool." (See Exhibit 25.)

**Plaintiffs' Design Patents**

69. On August 10, 2004, United States Design Patent No. D494,130 ("the '130 patent") was duly and legally issued to Todd W. Johnson, Dennis J. Grzybowski, Mark A. Kubale, Dieter Hirt, and Volker Siegle for an invention entitled "Battery." A copy of the '130 patent is attached hereto as Exhibit 26 and made part of this Complaint.

70. Milwaukee is the owner by assignment of the '130 patent.

71. On April 26, 2005, United States Design Patent No. D504,394 ("the '394 patent") was duly and legally issued to Benson Chun Kit Cheung and Daniel Alex Chunn for an invention entitled "Battery Pack." A copy of the '394 patent is attached hereto as Exhibit 27 and made part of this Complaint.

72. Techtronic Power Tools is the owner by assignment of the '394 patent.

73. On March 27, 2007, United States Design Patent No. D539,221 ("the '221 patent") was duly and legally issued to Todd W. Johnson and Scott D. Bublitz for an invention entitled "Battery." A copy of the '221 patent is attached hereto as Exhibit 28 and made part of this Complaint.

74. Milwaukee is the owner by assignment of the '221 patent.

75. On January 1, 2008, United States Design Patent No. D558,670 ("the '670 patent") was duly and legally issued to Douglas K. Ritterling, Taku Ohi, Kenneth M. Brazell, Scott D. Bublitz, Michael W. Phillips, Thomas J. Edwards, Michael L. Welliver, and Todd M.

Gehring for an invention entitled "Battery." A copy of the '670 patent is attached hereto as Exhibit 29 and made part of this Complaint.

76. Milwaukee is the owner by assignment of the '670 patent.

77. On March 18, 2008, United States Design Patent No. D564,444 ("the '444 patent") was duly and legally issued to Todd W. Johnson and Scott D. Bublitz for an invention entitled "Battery." A copy of the '444 patent is attached hereto as Exhibit 30 and made part of this Complaint.

78. Milwaukee is the owner by assignment of the '444 patent.

79. On November 4, 2008, United States Design Patent No. D579,868 ("the '868 patent") was duly and legally issued to Ryan Harrison for an invention entitled "Battery." A copy of the '868 patent is attached hereto as Exhibit 31 and made part of this Complaint.

80. The '868 patent is owned by Techtronic Power Tools. The '868 patent was originally assigned to Eastway Fair Company Ltd., which subsequently was renamed Techtronic Power Tools Technology Limited on May 25, 2009.

81. On November 11, 2008, United States Design Patent No. D580,353 ("the '353 patent") was duly and legally issued to Ryan Harrison and David M. Smith for an invention entitled "Battery." A copy of the '353 patent is attached hereto as Exhibit 32 and made part of this Complaint.

82. The '353 patent is owned by Techtronic Power Tools. The '353 patent was originally assigned to Eastway Fair Company Ltd., which subsequently was renamed Techtronic Power Tools Technology Limited on May 25, 2009.

83.     On June 9, 2009, United States Design Patent No. D593,944 ("the '944 patent") was duly and legally issued to David M. Smith for an invention entitled "Battery."  A copy of the '944 patent is attached hereto as Exhibit 33 and made part of this Complaint.

84.     The '944 patent is owned by Techtronic Power Tools.  The '944 patent was originally assigned to Eastway Fair Company Ltd., which subsequently was renamed Techtronic Power Tools Technology Limited on May 25, 2009.

**Defendants' Patent Infringement**

85.     Defendants have directly infringed, induced infringement, and contributorily infringed Plaintiffs' exclusive rights in the '130, '394, '221, 670, '444, '868, '353, and '944 patents ("the patents-in-suit") by manufacturing, importing, using, offering for sale, and/or selling the following products: the BTBTMILWAUKEE28S 28-volt Li-Ion battery (shown at Exhibit 10), the BTBTMILWAUKEE18BS 18-volt Li-Ion battery (shown at Exhibit 12), the BTBTRYOBI18S 18-volt Li-Ion battery (shown at Exhibit 23), and a 19.2-volt NiMH battery (Product Code: BTBTCFM192ML, Manufacturer Part #: BTBTCFM192ML) (hereafter "the BTBTCFM192ML 19.2-volt NiMH battery") (shown at Exhibit 34), which embody the inventions of and are within the scope of the patents-in-suit, and by causing others to use the Defendants' infringing products.  Defendants continue to so infringe, induce infringement, and contributorily infringe.

86.     As a direct and proximate result of Defendants' patent infringement, Plaintiffs have suffered injury and damage, which continues to accrue, in an amount to be determined at trial.

## COUNT I
### DESIGN PATENT INFRINGEMENT OF THE '130 PATENT

87.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

88.    The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

89.    More specifically, Plaintiffs assert infringement of the '130 patent by the BTBTMILWAUKEE18BS 18-volt Li-Ion battery.

## COUNT II
### DESIGN PATENT INFRINGEMENT OF THE '394 PATENT

90.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

91.    The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

92.    More specifically, Plaintiffs assert infringement of the '394 patent by the BTBTCFM192ML 19.2-volt NiMH battery.

## COUNT III
### DESIGN PATENT INFRINGEMENT OF THE '221 PATENT

93.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

94.    The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

95.    More specifically, Plaintiffs assert infringement of the '221 patent by the BTBTMILWAUKEE28S 28-volt Li-Ion battery.

## COUNT IV
### DESIGN PATENT INFRINGEMENT OF THE '670 PATENT

96. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

97. The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

98. More specifically, Plaintiffs assert infringement of the '670 patent by the BTBTMILWAUKEE18BS 18-volt Li-Ion battery.

## COUNT V
### DESIGN PATENT INFRINGEMENT OF THE '444 PATENT

99. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

100. The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

101. More specifically, Plaintiffs assert infringement of the '444 patent by the BTBTMILWAUKEE28S 28-volt Li-Ion battery and the BTBTMILWAUKEE18BS 18-volt Li-Ion battery.

## COUNT VI
### DESIGN PATENT INFRINGEMENT OF THE '868 PATENT

102. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

103. The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

104. More specifically, Plaintiffs assert infringement of the '868 patent by the BTBTRYOBI18S 18-volt Li-Ion battery.

## COUNT VII
### DESIGN PATENT INFRINGEMENT OF THE '353 PATENT

105.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

106.     The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

107.     More specifically, Plaintiffs assert infringement of the '353 patent by the BTBTRYOBI18S 18-volt Li-Ion battery.

## COUNT VIII
### DESIGN PATENT INFRINGEMENT OF THE '944 PATENT

108.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

109.     The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

110.     More specifically, Plaintiffs assert infringement of the '944 patent by the BTBTRYOBI18S 18-volt Li-Ion battery.

## COUNT IX
### VIOLATION OF THE LANHAM ACT – FEDERAL TRADEMARK INFRINGEMENT OF THE V28 MARK (REG. NO. 3,175,161)

111.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

112.     The acts of Defendants complained of herein constitute trademark infringement in violation of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114, 1125.

113.     More specifically, Plaintiffs assert infringement of the V28 mark by use of the mark "28V" on the BTBTMILWAUKEE28S 28-volt Li-Ion battery.

114. Defendants' infringement of the V28 mark is intentional, willful and deliberate.

115. Defendants' conduct alleged above has resulted in a customer mistakenly returning one of Defendants' batteries to Plaintiffs, thereby demonstrating actual confusion regarding the source of the Defendants' batteries. Purchasers and prospective purchasers of Defendants' batteries are likely to be further confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine Milwaukee batteries or are sponsored or approved by or otherwise associated with Milwaukee, or that Batteries.com is affiliated, connected or associated with Milwaukee.

116. Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Milwaukee's loss and damage.

117. Milwaukee has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

118. As a direct and proximate result of the actions of Defendants alleged above, Milwaukee has been damaged and will continue to be damaged.

**COUNT X**
**VIOLATION OF THE LANHAM ACT – FEDERAL TRADEMARK INFRINGEMENT OF THE MILWAUKEE MARKS (REG. NOS. 917,618; 1,489,877; 2,624,843; 3,772,366)**

119. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

120. The acts of Defendants complained of herein constitute trademark infringement in violation of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114, 1125.

121. More specifically, Plaintiffs assert infringement of the MILWAUKEE Marks by the use of "MIL" on the following products, by the use of MILWAUKEE in the product codes

and manufacturer part numbers for the following products, and by the prominent use of MILWAUKEE on Defendants' product packaging and on the Batteries.com website in relation to the following products: the BTBTMILWAUKEE28S 28-volt Li-Ion battery, the BTBTMILWAUKEE18BS 18-volt Li-Ion battery, the BTBTMILWAUKEE18AXL 18-volt NiMH battery, the BTBTMILWAUKEE144AXL 14.4-volt NiMH battery, the BTBTMILWAUKEE12AXL 12-volt NiMH battery, and the BTBTMILWAUKEE24XL 2.4-volt NiMH battery.

122.    Defendants' infringement of the MILWAUKEE Marks is intentional, willful and deliberate.

123.    Defendants' conduct alleged above has resulted in a customer mistakenly returning one of Defendants' batteries to Plaintiffs, thereby demonstrating actual confusion regarding the source of the Defendants' batteries.  Purchasers and prospective purchasers of Defendants' batteries are likely to be further confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine Milwaukee batteries or are sponsored or approved by or otherwise associated with Milwaukee, or that Batteries.com is affiliated, connected or associated with Milwaukee.

124.    Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Milwaukee's loss and damage.

125.    Milwaukee has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

126.    As a direct and proximate result of the actions of Defendants alleged above, Milwaukee has been damaged and will continue to be damaged.

127.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

128.    The acts of Defendants complained of herein constitute trademark infringement in violation of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114, 1125 and any common law rights.

129.    More specifically, Plaintiffs assert infringement of the RYOBI mark by the use of "RYO" on the BTBTRYOBI18BS 18-volt Li-Ion battery, by the use of RYOBI in the product code and manufacturer part number for the BTBTRYOBI18BS 18-volt Li-Ion battery, and by the use of "RY" in the manufacturer part number for the RY-1204L 12-volt NiCd battery and the RY-1804L 18-volt NiCd battery.  Plaintiffs also assert infringement of the RYOBI mark by the prominent use of RYOBI on Defendants' product packaging and on the Batteries.com website in relation to the following products: the BTBTRYOBI18BS 18-volt Li-Ion battery, the RY-1204L 12-volt NiCd battery, the TOOL-161 14.4-volt NiCd battery, and the RY-1804L 18-volt NiCd battery.

130.    Defendants' infringement of the RYOBI mark is intentional, willful and deliberate.

131.    Due to Defendants' conduct alleged above, purchasers and prospective purchasers of Defendants' batteries are likely to be confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine RYOBI-brand batteries or are sponsored or approved by or otherwise associated with TTi or A&M as licensees of the RYOBI mark, or that Batteries.com is affiliated, connected or associated with TTi or A&M as licensees of the RYOBI mark.

132.     Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to the loss and damage of TTi and A&M.

133.     TTi and A&M have suffered and will continue to suffer injury to their reputations and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

134.     As a direct and proximate result of the actions of Defendants alleged above, TTi and A&M have been damaged and will continue to be damaged.

## COUNT XII
### VIOLATION OF THE LANHAM ACT – FEDERAL TRADEMARK INFRINGEMENT OF THE ONE + SYSTEM (REG. NO. 3,298,798) AND ONE + TRADEMARK

135.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

136.     The acts of Defendants complained of herein constitute trademark infringement in violation of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114, 1125.

137.     More specifically, Plaintiffs assert infringement of the ONE + SYSTEM, ONE + and stylized ONE + marks (the "ONE + Marks") by the use of ONE + on the following product: the BTBTRYOBI18BS 18-volt Li-Ion battery.

138.     Defendants' infringement of the ONE + Marks is intentional, willful and deliberate.

139.     Due to Defendants' conduct alleged above, purchasers and prospective purchasers of Defendants' batteries are likely to be confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine RYOBI-brand batteries or are sponsored or approved by or otherwise associated with Techtronic Power Tools, or that Batteries.com is affiliated, connected or associated with Techtronic Power Tools.

140.     Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Techtronic Power Tools' loss and damage.

141.     Techtronic Power Tools has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

142.     As a direct and proximate result of the actions of Defendants alleged above, Techtronic Power Tools has been damaged and will continue to be damaged.

## COUNT XIII
## VIOLATION OF THE LANHAM ACT – FEDERAL TRADEMARK INFRINGEMENT OF THE V18 TRADEMARK

143.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

144.     The acts of Defendants complained of herein constitute trademark infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

145.     More specifically, Plaintiffs assert infringement of the V18 mark by the use of the mark "18V" on the following product: the BTBTMILWAUKEE18BS 18-volt Li-Ion battery.

146.     Defendants' infringement of the V18 trademark is intentional, willful and deliberate.

147.     Due to Defendants' conduct alleged above, purchasers and prospective purchasers of Defendants' batteries are likely to be confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine Milwaukee batteries or are sponsored or approved by or otherwise associated with Milwaukee, or that Batteries.com is affiliated, connected or associated with Milwaukee.

148.     Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Milwaukee's loss and damage.

149.     Milwaukee has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

150.     As a direct and proximate result of the actions of Defendants alleged above, Milwaukee has been damaged and will continue to be damaged.

## COUNT XIV
### VIOLATION OF THE LANHAM ACT – FEDERAL TRADEMARK INFRINGEMENT OF THE V28 LI-ION BATTERY TRADE DRESS

151.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

152.     The acts of Defendants complained of herein constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

153.     More specifically, Plaintiffs assert infringement of the V28 Li-Ion Battery Trade Dress by the following product: the BTBTMILWAUKEE28S 28-volt Li-Ion battery.

154.     Defendants' infringement of the V28 Li-Ion Battery Trade Dress is intentional, willful and deliberate.

155.     Defendants' conduct alleged above has resulted in a customer mistakenly returning one of Defendants' batteries to Plaintiffs, thereby demonstrating actual confusion regarding the source of the Defendants' batteries.  Purchasers and prospective purchasers of Defendants' batteries are likely to be further confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine Milwaukee batteries or are sponsored or approved by

or otherwise associated with Milwaukee, or that Batteries.com is affiliated, connected or associated with Milwaukee.

156. Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Milwaukee's loss and damage.

157. Milwaukee has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

158. As a direct and proximate result of the actions of Defendants alleged above, Milwaukee has been damaged and will continue to be damaged.

### COUNT XV
### VIOLATION OF THE LANHAM ACT – FEDERAL TRADEMARK INFRINGEMENT OF THE V18 LI-ION BATTERY TRADE DRESS

159. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

160. The acts of Defendants complained of herein constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

161. More specifically, Plaintiffs assert infringement of the V18 Li-Ion Battery Trade Dress by the following product: the BTBTMILWAUKEE18BS 18-volt Li-Ion battery.

162. Defendants' infringement of the V18 Li-Ion Battery Trade Dress is intentional, willful and deliberate.

163. Due to Defendants' conduct alleged above, purchasers and prospective purchasers of Defendants' batteries are likely to be confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine Milwaukee batteries or are sponsored or approved by or

otherwise associated with Milwaukee, or that Batteries.com is affiliated, connected or associated with Milwaukee.

164. Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Milwaukee's loss and damage.

165. Milwaukee has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

166. As a direct and proximate result of the actions of Defendants alleged above, Milwaukee has been damaged and will continue to be damaged.

## COUNT XVI
### VIOLATION OF THE LANHAM ACT – FEDERAL TRADEMARK INFRINGEMENT OF THE MILWAUKEE NICD BATTERY TRADE DRESS

167. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

168. The acts of Defendants complained of herein constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

169. More specifically, Plaintiffs assert infringement of the Milwaukee NiCd Battery Trade Dress by the following products: the BTBTMILWAUKEE18AXL 18-volt NiMH battery, the BTBTMILWAUKEE144AXL 14.4-volt NiMH battery, and the BTBTMILWAUKEE12AXL 12-volt NiMH battery.

170. Defendants' infringement of the Milwaukee NiCd Battery Trade Dress is intentional, willful and deliberate.

171. Due to Defendants' conduct alleged above, purchasers and prospective purchasers of Defendants' batteries are likely to be confused and deceived into believing, contrary to fact,

that Defendants' batteries are genuine Milwaukee batteries or are sponsored or approved by or otherwise associated with Milwaukee, or that Batteries.com is affiliated, connected or associated with Milwaukee.

172. Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Milwaukee's loss and damage.

173. Milwaukee has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

174. As a direct and proximate result of the actions of Defendants alleged above, Milwaukee has been damaged and will continue to be damaged.

## COUNT XVII
### VIOLATION OF THE LANHAM ACT – FEDERAL TRADEMARK INFRINGEMENT OF THE RYOBI LI-ION BATTERY TRADE DRESS

175. Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

176. The acts of Defendants complained of herein constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

177. More specifically, Plaintiffs assert infringement of the RYOBI Li-Ion Battery Trade Dress on the following product: the BTBTRYOBI18BS 18-volt Li-Ion battery.

178. Defendants' infringement of the RYOBI Li-Ion Battery Trade Dress is intentional, willful and deliberate.

179. Due to Defendants' conduct alleged above, purchasers and prospective purchasers of Defendants' batteries are likely to be confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine RYOBI-brand batteries or are sponsored or approved by

or otherwise associated with Techtronic Power Tools, or that Batteries.com is affiliated, connected or associated with Techtronic Power Tools.

180.    Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Techtronic Power Tools' loss and damage.

181.    Techtronic Power Tools has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

182.    As a direct and proximate result of the actions of Defendants alleged above, Techtronic Power Tools has been damaged and will continue to be damaged.

**COUNT XVIII**
**VIOLATION OF THE LANHAM ACT – FALSE ADVERTISING**

183.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

184.    Defendants' statements on the Batteries.com website that their batteries "are designed to meet or exceed the original equipment specifications for your Milwaukee power tool" or "are designed to meet or exceed the original equipment specifications for your Ryobi power tool" imply that Defendants' batteries are superior or equal to Plaintiffs' batteries. Upon information and belief, Defendants have no substantiation for their quality claims and Defendants' batteries are inferior in quality to Plaintiffs' batteries.

185.    Defendants' false advertising and misrepresentations are likely to influence consumers' purchasing decisions. They are likely to deceive and, upon information and belief, have deceived a substantial segment of consumers and potential consumers.

186.    The acts of Defendants complained of herein constitute false advertising and false endorsement under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

## COUNT XIX
### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

187.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

188.    The acts of Defendants complained of herein constitute common law trademark and trade dress infringement and unfair competition under the laws of the State of Wisconsin.

## COUNT XX
### WISCONSIN FALSE ADVERTISING

189.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

190.    The acts of Defendants complained of herein constitute false advertising under Wis. Stat. § 100.18.


## JURY DEMAND

Plaintiffs demand a trial by jury on all matters and issues triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor on each and every claim for relief set forth above and an award for relief including, but not limited to, the following:

A.    An order that Defendants and their respective officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, be permanently enjoined:

i.  From manufacturing, importing, using, offering to sell and selling the BTBTMILWAUKEE28S 28-volt Li-Ion battery, the BTBTMILWAUKEE18BS 18-volt Li-Ion battery, the BTBTRYOBI18S 18-volt Li-Ion battery, and the BTBTCFM192ML 19.2-volt NiMH battery, or any other product that infringes any of the patents-in-suit;

ii. From directly or indirectly manufacturing, importing, marketing, offering to sell and selling the BTBTMILWAUKEE28S 28-volt Li-Ion battery, the BTBTMILWAUKEE18BS 18-volt Li-Ion battery, the BTBTMILWAUKEE18AXL 18-volt NiMH battery, the BTBTMILWAUKEE144AXL 14.4-volt NiMH battery, the BTBTMILWAUKEE12AXL 12-volt NiMH battery, and the BTBTRYOBI18S 18-volt Li-Ion battery, or any confusingly similar devices incorporating a colorable imitation of the V28, V18, MILWAUKEE NiCd, or RYOBI Li-Ion trade dress;

iii. From using the names or marks V28, V18, MILWAUKEE, MIL, RYOBI, RYO, RY, ONE +, or any confusingly similar mark, name, domain name, or colorable imitation thereof in any way which misleads or confuses anyone as to the source, affiliation, or sponsorship of goods or services offered under such marks; and

iv. From committing any other acts calculated to cause purchasers to believe that Defendants' products are Plaintiffs', and from competing unfairly with Plaintiffs in any manner;

B.      An Order directing Defendants to file with this Court and serve on Plaintiffs' attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

C.      An Order that Defendants surrender for destruction all infringing products and manufacturing supplies in Defendants' possession or control, which are unauthorized copies of Defendants' property or cause the creation of products that violate Defendants' patent, trademark, or trade dress rights;

D.      An Order that Defendants surrender for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the names or marks V28, V18, MILWAUKEE, MIL, RYOBI, RYO, RY, ONE + or any reproduction, counterfeit, copy, derivative or colorable imitation thereof, and all plates, molds, screens, or other means of making the same;

E.      An Order directing Defendants to remove from all websites that they own or control, directly or indirectly, the names or marks V28, V18, MILWAUKEE, MIL, RYOBI, RYO, RY, ONE +, or any reproduction, counterfeit, copy, derivative or colorable imitation thereof and any variations thereof, and any other marks that are likely to cause confusion with Plaintiffs' trademarks and trade dress;

F.      A judgment that Defendants have willfully and deliberately committed acts of patent infringement, trademark infringement, trade dress infringement, and unfair competition;

G.      An award of actual monetary damages Plaintiffs have incurred as a result of Defendants' infringement, in an amount to be proven at trial;

H.      An accounting and disgorgement of Defendants' profits, including prejudgment and post-judgment interest, resulting from their infringing activity, in an amount to be proven at trial;

I.      An award to Plaintiffs of treble damages;

J.      An award of Plaintiffs' attorneys' fees, costs, and disbursements incurred in prosecuting this action; and

K.      An award to Plaintiffs of such other further relief as the Court deems just and equitable.

Dated this 20th day of July, 2011.

**MICHAEL BEST & FRIEDRICH LLP**

By:   s/ J. Donald Best
    J. Donald Best, SBN 1012450
    Matthew D. Brown, SBN 1077403
    One South Pinckney Street,
    Suite 700
    Madison, WI  53703
    Telephone: 608.257.3501
    Facsimile:  608.283.2275
    jdbest@michaelbest.com
    mdbrown@michaelbest.com

    Richard H. Marschall, SBN 1035851
    Melanie J. Reichenberger, SBN 1061510
    100 East Wisconsin Avenue
    Suite 3300
    Milwaukee, WI  53202
    Telephone: 414.271.6560
    Facsimile:  414.277.0656
    rhmarschall@michaelbest.com
    mjreichenberger@michaelbest.com

*Attorneys for Plaintiffs*
*Milwaukee Electric Tool Corporation,*
*Techtronic Power Tools Technology Limited,*
*One World Technologies, Inc., Techtronic*
*Industries Company Limited, and A&M*
*Industries S.a.r.l.*