## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

---

MILWAUKEE ELECTRIC TOOL
CORPORATION, TECHTRONIC POWER
TOOLS TECHNOLOGY LIMITED, ONE
WORLD TECHNOLOGIES, INC.,
TECHTRONIC INDUSTRIES COMPANY
LIMITED, and A&M INDUSTRIES S.A.R.L.,

                  Plaintiffs,

     v.

AUDIOVOX CORPORATION, AUDIOVOX
ACCESSORIES CORPORATION,
TECHNUITY, INC., BATTERIES.COM, LLC,
and FINE DRAGON TECHNOLOGY
LIMITED,

                  Defendants.

Case No. 11-cv-517

---

## AUDIOVOX CORPORATION, AUDIOVOX ACCESSORIES CORPORATION, TECHNUITY, INC., BATTERIES.COM, LLC'S, ANSWER, AFFIRMATIVE DEFENSES

---

      Audiovox Corporation, Audiovox Accessories Corporation, Technuity, Inc. and

Batteries.com, LLC (collectively, "Audiovox" unless stated otherwise), for their

Answer to Plaintiffs' Complaint against Audiovox, states as follows:

### <u>THE PARTIES</u>

      1.    Plaintiff Milwaukee Electric Tool Corporation ("Milwaukee") is a
corporation organized and existing under the laws of the State of Delaware with its
principal place of business located at 13135 West Lisbon Road, Brookfield,
Wisconsin 53005.

**ANSWER:** Audiovox admits that Milwaukee has represented to this Court that it is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 13135 West Lisbon Road, Brookfield, Wisconsin 53005, but Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies the same.

2.     Milwaukee is in the business of, inter alia, designing, developing, marketing, manufacturing, and selling power tools and power tool accessories, including batteries and battery chargers for use with cordless power tools.

**ANSWER:** Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint, and therefore denies the same.

3.     Milwaukee is the owner of United States Design Patent Nos. D494,130; D539,221; D558,670; and D564,444 and United States Trademark Registration Nos. 917,618; 1,489,877; 2,624,843; 3,175,161; and 3,772,366.

**ANSWER:** Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint, and therefore denies the same.

4.     Plaintiff Techtronic Power Tools Technology Limited ("Techtronic Power Tools"), formerly known as Eastway Fair Company Limited, is a corporation organized and existing under the laws of the British Virgin Islands with its principal place of business located at Trident Chambers, P.O. Box 146, Road Town, Tortola, British Virgin Islands.

**ANSWER:** Audiovox admits that Techtronic Power Tools has represented to this Court that it is a corporation organized and existing under the laws of the British Virgin Islands with its principal place of business located at Trident Chambers, P.O. Box 146, Road Town, Tortola, British Virgin Islands, but Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

5.     Techtronic Power Tools is the current owner of United States Design Patent Nos. D504,394; D579,868; D580,353; and D593,944 and United States Trademark Registration No. 3,298,798.

**ANSWER:** Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

6.     Plaintiff One World Technologies, Inc. ("One World") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina 29625.

**ANSWER:** Audiovox admits that One World has represented to this Court that it is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina 29625, but Audiovox lacks sufficient information to form

a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the

Complaint, and therefore denies the same.

7.     One World is in the business of, inter alia, designing, developing, marketing, distributing, and selling power tools and power tool accessories, including batteries and battery chargers for use with cordless power tools.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the

truth or falsity of the allegations contained in Paragraph 7 of the Complaint, and

therefore denies the same.

8.     One World is licensed to use the ONE + trademark, a variation of the ONE + SYSTEM trademark (United States Trademark Registration No. 3,298,798), for the RYOBI Li-Ion Battery.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the

truth or falsity of the allegations contained in Paragraph 8 of the Complaint, and

therefore denies the same.

9.     Plaintiff Techtronic Industries Company Limited ("TTi") is a corporation organized and existing under the laws of Hong Kong with its principal place of business located at 24/F, CDW Building, 388 Castle Peak Road, Tsuen Wan, N.T. Hong Kong.

**ANSWER:**  Audiovox admits that TTi has represented to this Court that it is

a corporation organized and existing under the laws of Hong Kong with its principal

place of business located at 24/F, CDW Building, 388 Castle Peak Road, Tsuen Wan,

N.T. Hong Kong, but Audiovox lacks sufficient information to form a belief as to the

truth or falsity of the allegations contained in Paragraph 9 of the Complaint, and

therefore denies the same.

10.     TTi is in the business of, inter alia, designing, developing, marketing, manufacturing, distributing, and selling power tools and power tool accessories, including batteries and battery chargers for use with cordless power tools.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the

truth or falsity of the allegations contained in Paragraph 10 of the Complaint, and

therefore denies the same.

11.     Plaintiff A&M Industries S.a.r.l. ("A&M") is a holding company organized and existing under the laws of Luxembourg with its principal place of business located at 6C, rue Gabriel Lippman L-5365 Munsbach, Luxembourg.

**ANSWER:**  Audiovox admits that A&M has represented to this Court that it

is a holding company organized and existing under the laws of Luxembourg with its

principal place of business located at 6C, rue Gabriel Lippman L-5365 Munsbach,

Luxembourg, but Audiovox lacks sufficient information to form a belief as to the

truth or falsity of the allegations contained in Paragraph 11 of the Complaint, and

therefore denies the same.

12.     A&M and TTi are licensees of United States Trademark Registration No. 1,995,042.

**ANSWER:** Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint, and therefore denies the same.

13.     On information and belief, Defendant Audiovox Corporation ("Audiovox") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 180 Marcus Boulevard, Hauppauge, New York 11788.

**ANSWER:** Admitted.

14.     On information and belief, Audiovox imports, sells, and/or offers for sale a variety of battery products, including batteries for cordless power tools, through the website www.batteries.com ("the Batteries.com website").

**ANSWER:** Denied.

15.     On information and belief, Defendant Audiovox Accessories Corporation ("AAC") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 111 Congressional Boulevard, Carmel, Indiana 46032.

**ANSWER:** AAC admits that it is a corporation organized and existing under the laws of the State of Delaware and that its principal place of business is located at 111 Congressional Boulevard, Carmel, Indiana 46032.

16.     On information and belief, AAC is a wholly-owned subsidiary of Audiovox.

**ANSWER:** Admitted.


17.     On information and belief, AAC imports, sells, and/or offers for sale a variety of battery products, including batteries for cordless power tools, through the Batteries.com website.

**ANSWER:** Denied.


18.     On information and belief, Defendant Technuity, Inc. ("Technuity") is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located at 6024 West 79th Street, Indianapolis, Indiana 46278.

**ANSWER:** Technuity admits that it is a corporation organized and existing under the laws of the State of Indiana but denies that its principal place of business is located 6024 West 79th Street, Indianapolis, Indiana 46278. Technuity's current principal place of business is located at 111 Congressional Boulevard, Suite 350, Carmel, Indiana 46032.


19.     On information and belief, Technuity is owned by AAC.

**ANSWER:** Admitted.


20.     On information and belief, Technuity owns and/or operates the Batteries.com website.

**ANSWER:** Denied.

21.     On information and belief, Technuity imports, sells, and/or offers for sale a variety of battery products, including batteries for cordless power tools, through the Batteries.com website.

**ANSWER:**  Denied.

22.     On information and belief, Defendant Batteries.com, LLC is a limited liability company organized and existing under the laws of the State of Indiana with its principal place of business located at 111 Congressional Boulevard, Suite 350, Carmel, Indiana 46032.

**ANSWER:**  Batteries.com, LLC admits that it is a limited liability company organized and existing under the laws of the State of Indiana with its principal place of business located at 111 Congressional Boulevard, Suite 350, Carmel, Indiana 46032.

23.     On information and belief, Batteries.com, LLC owns and/or operates the Batteries.com website.

**ANSWER:**   Batteries.com, LLC admits that it operates the Batteries.com website.

24.     On information and belief, Batteries.com imports, sells, and/or offers for sale a variety of battery products, including batteries for cordless power tools, through the Batteries.com website.

**ANSWER:**  Admitted.

25.    On information and belief, Defendant Fine Dragon Technology Limited ("Fine Dragon") is a company organized and existing under the laws of China with its principal place of business located at Building 19, Xihu Industrial Zone, Henggang Town, Longgang District, Shenzhen, China 518002.

**ANSWER:** Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint, and therefore denies the same.

26.    On information and belief, Fine Dragon manufactures, sells, and/or offers for sale its "Golden Dragon" brand of batteries for cordless devices, including power tools.

**ANSWER:** Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint, and therefore denies the same.

27.    On information and belief, Fine Dragon manufactures, sells, and/or offers for sale its "Golden Dragon" brand of batteries for cordless devices, including power tools, which are offered for sale on the Batteries.com website.

**ANSWER:** Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint, and therefore denies the same.

## JURISDICTION AND VENUE

28.    This is an action for: (1) patent infringement in violation of 35 U.S.C. § 271; (2) trademark infringement in violation of Section 32 of the Lanham Act, 15

U.S.C. § 1114(1); (3) trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) false advertising and false endorsement under 15 U.S.C. § 1125(a); (5) unfair competition under 15 U.S.C. § 1225(a); (6) false advertising under Wis. Stat. § 100.18; and (7) common law trademark infringement and unfair competition under Wisconsin law.

**ANSWER:** Audiovox admits that the Complaint purports to state a claim for: (1) patent infringement in violation of 35 U.S.C. § 271; (2) trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1); (3) trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) false advertising and false endorsement under 15 U.S.C. § 1125(a); (5) unfair competition under 15 U.S.C. § 1225(a); (6) false advertising under Wis. Stat. § 100.18; and (7) common law trademark infringement and unfair competition under Wisconsin law.  Except as expressly admitted, Audiovox denies the allegations contained in this Paragraph.

29.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a), and has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims.

**ANSWER:** Audiovox admits that this Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a), and has supplemental jurisdiction under 28 U.S.C. § 1367.  Except as expressly admitted, Audiovox denies the allegations contained in this Paragraph.

30.     The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

Accordingly, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**ANSWER:**  Audiovox denies that the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interests and costs, and therefore denies the allegations contained in Paragraph 30.

31.     This Court has personal jurisdiction over Audiovox, AAC, Batteries.com, LLC, and Technuity because they, upon information and belief, regularly transact business in the State of Wisconsin and in this judicial district by, among other things, the sale of power tool batteries through the Batteries.com website. At a minimum, Audiovox, AAC, Batteries.com, LLC, and Technuity place their products, including the infringing products identified in this Complaint, into the stream of commerce knowing that such products will be sold in this district.

**ANSWER:**  Audiovox admits that this Court has personal jurisdiction over it, but, except as expressly admitted, Audiovox denies the allegations contained in this Paragraph.  Audiovox specifically denies any acts of infringement.

32.     This Court has personal jurisdiction over Fine Dragon because Fine Dragon, upon information and belief, regularly transacts business in the State of Wisconsin and in this judicial district by, among other things, the sale of power tool batteries to Technuity for sale through the Batteries.com website. At a minimum, Fine Dragon places its products, including the infringing products identified in this Complaint, into the stream of commerce knowing that such products will be sold in this district.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint, and therefore denies the same.

33.    Venue is proper in this district based on 28 U.S.C. § 1391(b) and (c) and § 1400(b).

**ANSWER:**  For purposes of this action only, Audiovox does not contest that

venue is proper as to Audiovox.  Except as expressly admitted, Audiovox denies the

allegations contained in this Paragraph.


## SUBSTANTIVE ALLEGATIONS

### Plaintiffs' Products

34.    Milwaukee and One World develop, design, distribute, market, and sell a wide range of power tools and accessories, including batteries for cordless power tools. Milwaukee also manufactures power tools and accessories. Through their creative efforts and desire to create unique brands of quality products, Milwaukee and One World have developed a variety of distinctive battery designs.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the

truth or falsity of the allegations contained in Paragraph 34 of the Complaint, and

therefore denies the same.


35.    Milwaukee currently sells 28-volt and 18-volt lithium ion ("Li-Ion") batteries and 18-volt and 14.4-volt nickel cadmium ("NiCd") batteries under its MILWAUKEE and MILWAUKEE Logo trademarks. Milwaukee also uses the V28 trademark for its 28-volt Li-Ion battery (hereafter the "V28 Li-Ion Battery") and the V18 trademark for its 18-volt Li-Ion battery (hereafter the "V18 Li-Ion Battery"). Milwaukee's Li-Ion and NiCd batteries are rechargeable and designed for use with Milwaukee's cordless power tools.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the

truth or falsity of the allegations contained in Paragraph 35 of the Complaint, and

therefore denies the same.

36.     One World's rechargeable power tool battery offerings include an 18-volt Li-Ion battery, which One World sells under the RYOBI and ONE + trademarks (hereafter the "RYOBI Li-Ion Battery").

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint, and therefore denies the same.

## Plaintiffs' Trademarks & Trade Dress

*The MILWAUKEE Marks*

37.     Milwaukee owns United States Trademark Registration Nos. 917,618; 1,489,877; 2,624,843; and 3,772,366 for the MILWAUKEE and MILWAUKEE Logo trademarks (hereafter collectively "the MILWAUKEE Marks"). A copy of these registration certificates are attached as Exhibit 1. Registration Nos. 917,618; 1,489,877; and 2,624,843 are incontestable under 15 U.S.C. § 1115(b) and constitute conclusive evidence of the validity of the marks and Milwaukee's exclusive right to use the registered marks for the goods identified in the registrations. Registration No. 3,772,366 is prima facie evidence under 15 U.S.C. § 1115(a) of the validity of the registered mark and Milwaukee's exclusive right to use the registered mark for the goods identified in the registration.

**ANSWER:**  Audiovox admits that Exhibit 1 to the Complaint purports to be copies of registration certificates for the MILWAUKEE Marks and that on their face appear to be owned by Milwaukee Electric Tool Corporation.  Audiovox further states that the remaining allegations of Paragraph 37 constitute legal conclusions to which no response is required.

38.     Milwaukee has sold power tools under the MILWAUKEE trademark since 1924 and under the MILWAUKEE Logo since 1938. As a result of Milwaukee's longstanding use of the MILWAUKEE Marks for power tools, the

marks represent a tremendous amount of goodwill and identify Milwaukee as the source of the power tools and power tool accessories bearing the MILWAUKEE Marks.

**ANSWER:** Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Complaint, and therefore denies the same.

*The V28 and V18 Trademarks and the V28 and V18 Li-Ion Battery Trade Dress*

39.    Milwaukee owns United States Trademark Registration No. 3,175,161 for the V28 trademark. A copy of the registration certificate is attached as Exhibit 2. The registration is prima facie evidence under 15 U.S.C. § 1115(a) of the validity of the registered mark and Milwaukee's exclusive right to use the V28 trademark for the goods identified in the registration.

**ANSWER:** Audiovox admits that Exhibit 2 to the Complaint purports to be a copy of a registration certificate for the V28 trademark and that on its face appears to be owned by Milwaukee Electric Tool Corporation.  Audiovox further states that the remaining allegations of Paragraph 39 constitute legal conclusions to which no response is required.

40.    Milwaukee owns and uses the V18 trademark for power tools and batteries and has sold these goods under its V18 trademark throughout the United States.

**ANSWER:** Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 40 of the Complaint, and therefore denies the same.

41.     Milwaukee commercially released the V28 line of power tools and batteries in 2005 and the V18 line of power tools and batteries in 2006. Since that time, Milwaukee has spent substantial time, money, and effort in advertising, promoting and marketing the V28 and V18 power tool lines and the distinctive look and feel of these product lines, including the V28 Li-Ion Battery and the V18 Li-Ion Battery.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint, and therefore denies the same.

42.     The V28 Li-Ion Battery incorporates several non-functional, arbitrary design elements shown in the product photographs attached as Exhibit 3, including but not limited to the shape and red color of the release button and the design of the battery gauge on the front of the V28 Li-Ion Battery (hereafter the "V28 Li-Ion Battery Trade Dress").

**ANSWER:**  Audiovox denies that the V28 Li Ion Battery incorporates several non functional, arbitrary design elements.  Audiovox further states that the shape and red color of the release button and the design of the battery gauge are functional and not arbitrary and that these colors are routinely used in the industry.

43.     As a result of Milwaukee's extensive sales and promotions of the V28 Li-Ion Battery Trade Dress since 2005, the V28 Li-Ion Battery Trade Dress has obtained secondary meaning and consumers associate the V28 Li-Ion Battery Trade Dress with Milwaukee.

**ANSWER:**  Denied.

44.    The V18 Li-Ion Battery incorporates several non-functional, arbitrary design elements shown in the product photographs attached as Exhibit 4, including but not limited to the shape and red color of the release button and the design of the battery gauge on the front of the V18 Li-Ion Battery (hereafter the "V18 Li-Ion Battery Trade Dress").

**ANSWER:**  Audiovox denies that the V18 Li Ion Battery incorporates several non functional, arbitrary design elements.  Audiovox further states that the shape and red color of the release button and the design of the battery gauge are functional and not arbitrary and that these colors are routinely used in the industry.

45.    As a result of Milwaukee's extensive sales and promotions of the V18 Li-Ion Battery Trade Dress since 2006, the V18 Li-Ion Battery Trade Dress has obtained secondary meaning and consumers associate the V18 Li-Ion Battery Trade Dress with Milwaukee.

**ANSWER:**  Denied.

*Milwaukee's NiCd Battery Trade Dress*

46.    Milwaukee's NiCd batteries incorporate several non-functional, arbitrary design elements shown in the product photograph attached as Exhibit 5, including but not limited to the shape and placement of the release button and shape of the product (hereafter the "Milwaukee NiCd Battery Trade Dress").

**ANSWER:**  Audiovox denies that Milwaukee's NiCd batteries incorporate several non functional, arbitrary design elements.  Audiovox further states that the shape and placement of the release button and shape of the product are functional and not arbitrary.

47.     As a result of Milwaukee's extensive sales and promotions of the Milwaukee NiCd Battery Trade Dress since 1996, the Milwaukee NiCd Battery Trade Dress has obtained secondary meaning, and consumers associate the Milwaukee NiCd Battery Trade Dress with Milwaukee.

**ANSWER:**  Denied.


*The RYOBI and ONE + Trademarks and the RYOBI Li-Ion Battery Trade Dress*

48.     TTi and A&M are licensees of United States Trademark Registration No. 1,995,042 for the RYOBI trademark. A copy of this registration certificate is attached as Exhibit 6. The registration is incontestable under 15 U.S.C. § 1115(b).

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegation that TTi and A&M are licensees of the RYOBI trademark, and therefore denies the same.  Audiovox states that Exhibit 6 to the Complaint purports to be a certificate of registration for the RYOBI mark and that on its face the certificate of registration appears to be owned by Ryobi Ltd. Audiovox further states that the remaining allegations of Paragraph 48 constitute legal conclusions to which no response is required.


49.     TTi and A&M are licensed to sell RYOBI brand tools in the United States. The RYOBI mark has been in use for tools since 1966, and TTi, A&M, and their predecessors-in-interest have sold cordless power tools and batteries for cordless power tools under the RYOBI trademark since July 31, 2000.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the Complaint, and therefore denies the same.

50.     Techtronic Power Tools owns United States Trademark Registration No. 3,298,798 for the ONE + SYSTEM trademark. A copy of this registration certificate is attached as Exhibit 7. The registration is prima facie evidence under 15 U.S.C. § 11 15(a) of the validity of the registered mark and Techtronic Power Tools' exclusive right to use the ONE + SYSTEM trademark for the goods identified in the registration.

**ANSWER:**  Audiovox states that Exhibit 7 to the Complaint purports to be a certificate of registration for the ONE + SYSTEM mark and that on its face the certificate of registration appears to be owned by Eastway Fair Company Limited. Audiovox lacks sufficient information to form a belief as to the truth or falsity of whether or not Techtronic Power Tools is the actual owner of the ONE + SYSTEM mark.  Audiovox further states that the remaining allegations of Paragraph 50 constitute legal conclusions to which no response is required.

51.     One World is licensed to use the ONE + trademark, a variation of the ONE + SYSTEM trademark, for the RYOBI Li-Ion Battery, and One World has used both the ONE + trademark and the stylized ONE + Logo trademark (as pictured on the RYOBI Li-Ion Battery in Exhibit 8) since September 30, 2004.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the Complaint, and therefore denies the same.

52.     The RYOBI Li-Ion Battery incorporates several non-functional, arbitrary design elements shown in the product photographs attached as Exhibit 9, including but not limited to the design of the battery gauge and the design and layout of the front face of the battery (hereafter the "RYOBI Li-Ion Battery Trade Dress").

**ANSWER:** Audiovox denies that the RYOBI Li Ion Battery incorporates several non functional, arbitrary design elements.  Audiovox further states that the design of the battery gauge and the design and layout of the front face of the battery are functional and not arbitrary.

53.     As a result of One World's extensive sales and promotions of the RYOBI Li-Ion Battery Trade Dress since 2007, the RYOBI Li-Ion Battery Trade Dress has obtained secondary meaning, and consumers associate the RYOBI Li-Ion Battery Trade Dress with One World.

**ANSWER:** Denied.

## Defendants' Trademark and Trade Dress Infringement

54.     Defendants manufacture and sell a 28-volt Li-Ion battery advertised as "Milwaukee Power Tool Compatible" (Product Code / Manufacturer Part #: BTBMILWAUKEE28S) (hereafter "the BTBMILWAUKEE28S 28-volt Li-Ion battery") that copies the distinctive and non-functional design aspects of Milwaukee's V28 Li-Ion Battery Trade Dress and uses the marks "MIL-28V," "MIL" and "28V" as shown in the product photographs attached as Exhibit 10 and arrives in packaging shown in Exhibit 11 that states "FOR MILWAUKEE" without any reference to the Defendants.

**ANSWER:** Audiovox denies that it manufactures the BTBMILWAUKEE28S 28-volt Li-Ion battery.   Audiovox Corporation, Audiovox Accessories Corporation, and Technuity deny that they sell or offered for sale the BTBMILWAUKEE28S 28-volt Li-Ion battery.  Batteries.com, LLC admits that it previously offered the BTBMILWAUKEE28S 28-volt Li-Ion battery for sale as a Milwaukee Power Tool Compatible battery, but deny that the BTBMILWAUKEE28S 28-volt Li-Ion battery

copied the distinctive and non-functional design aspects of Milwaukee's V28 Li Ion

Battery Trade Dress.  Batteries.com, LLC admits that it fairly and descriptively

used the term MIL-28V to indicate that the BTBMILWAUKEE28S 28-volt Li-Ion

battery is a "28V" battery and that the packaging fairly and descriptively states

that the BTBMILWAUKEE28S 28-volt Li-Ion battery is a replacement "FOR

MILWAUKEE."  Except as expressly admitted, Audiovox denies the remaining

allegations contained in this Paragraph.


    55.    Defendants manufacture and sell an 18-volt Li-Ion battery advertised
as "Milwaukee Power Tool Compatible" (Product Code / Manufacturer Part #:
BTBMILWAUKEE18BS) (hereafter "the BTBMILWAUKEE18BS 18-volt Li-Ion
battery") that copies the distinctive and non-functional design aspects of
Milwaukee's V18 Li-Ion Battery Trade Dress and uses the marks "MIL-18V," "MIL"
and "18V" as shown in the product photographs attached as Exhibit 12 and arrives
in packaging shown in Exhibit 13 that states "FOR MILWAUKEE" without any
reference to the Defendants.

    **ANSWER:**  Audiovox denies that it manufactures the

BTBMILWAUKEE18BS 18-volt Li-Ion battery.   Audiovox Corporation, Audiovox

Accessories Corporation, and Technuity deny that they sell or offered for sale the

BTBMILWAUKEE18BS 18-volt Li-Ion battery.  Batteries.com, LLC admits that it

previously offered the BTBMILWAUKEE18BS 18-volt Li-Ion battery for sale as a

Milwaukee Power Tool Compatible battery, but deny that the

BTBMILWAUKEE18BS 18-volt Li-Ion battery copied the distinctive and non-

functional design aspects of Milwaukee's V18 Li Ion Battery Trade Dress.

Batteries.com, LLC admits that it fairly and descriptively used the term MIL-18V to

indicate that the BTBMILWAUKEE18BS 18-volt Li-Ion battery is a "18V" battery

and that the packaging fairly and descriptively states that the

BTBMILWAUKEE18BS 18-volt Li-Ion battery is a replacement "FOR

MILWAUKEE."  Except as expressly admitted, Audiovox denies the remaining

allegations contained in this Paragraph.


    56.    Defendants manufacture and sell an 18-volt nickel metal hydride
("NiMH") battery advertised as "Milwaukee Power Tool Compatible" (Product Code
/ Manufacturer Part #: BTBTMILWAUKEE18AXL) (hereafter "the
BTBTMILWAUKEE18AXL 18-volt NiMH battery") that copies the distinctive and
non-functional design aspects of the Milwaukee NiCd Battery Trade Dress and uses
the mark "MIL" as shown in the product photographs attached as Exhibit 14 and
arrives in packaging shown in Exhibit 15 that states "FOR MILWAUKEE" without
any reference to the Defendants.

    **ANSWER:**  Audiovox denies that it manufactures the

BTBTMILWAUKEE18AXL 18-volt NiMH battery.  Audiovox Corporation,

Audiovox Accessories Corporation, and Technuity deny that they sell or offered for

sale the BTBTMILWAUKEE18AXL 18-volt NiMH battery.  Batteries.com, LLC

admits that it previously offered the BTBTMILWAUKEE18AXL 18-volt NiMH

battery for sale as a Milwaukee Power Tool Compatible battery, but deny that the

BTBTMILWAUKEE18AXL 18-volt NiMH battery copied the distinctive and non-

functional design aspects of Milwaukee's NiCd Battery Trade Dress.  Batteries.com,

LLC admits that it fairly and descriptively used the term "MIL 18V" to indicate that

the BTBMILWAUKEE18BS 18-volt Li-Ion battery is a "18V" battery and that the

packaging fairly and descriptively states that the BTBMILWAUKEE18BS 18-volt

Li-Ion battery is a replacement "FOR MILWAUKEE."  Except as expressly

admitted, Audiovox denies the remaining allegations contained in this Paragraph.


57.    Defendants manufacture and sell a 14.4-volt NiMH battery advertised as "Milwaukee Power Tool Compatible" (Product Code / Manufacturer Part #: BTBTMILWAUKEE144AXL) (hereafter "the BTBTMILWAUKEE144AXL 14.4-volt NiMH battery") that copies the distinctive and non-functional design aspects of the Milwaukee NiCd Battery Trade Dress and uses the mark "MIL" as shown in the product photographs attached as Exhibit 16 and arrives in packaging shown in Exhibit 17 that states "FOR MILWAUKEE" without any reference to the Defendants.

**ANSWER:**  Audiovox denies that it manufactures the

BTBTMILWAUKEE144AXL 14.4-volt NiMH battery.   Audiovox Corporation,

Audiovox Accessories Corporation, and Technuity deny that they sell or offered for

sale the BTBTMILWAUKEE144AXL 14.4-volt NiMH battery.  Batteries.com, LLC

admits that it previously offered the BTBTMILWAUKEE144AXL 14.4-volt NiMH

battery for sale as a Milwaukee Power Tool Compatible battery, but deny that the

BTBTMILWAUKEE144AXL 14.4-volt NiMH battery copied the distinctive and non-

functional design aspects of Milwaukee's NiCd Battery Trade Dress.  Batteries.com,

LLC admits that it fairly and descriptively used the term MIL-and that the

packaging fairly and descriptively states that the BTBTMILWAUKEE144AXL 14.4-

volt NiMH battery is a replacement "FOR MILWAUKEE."  Except as expressly

admitted, Audiovox denies the remaining allegations contained in this Paragraph.


58.    Defendants manufacture and sell a 12-volt NiMH battery advertised as "Milwaukee Power Tool Compatible" (Product Code / Manufacturer Part #:

BTBTMILWAUKEE12AXL) (hereafter "the BTBTMILWAUKEE12AXL 12-volt NiMH battery") that copies the distinctive and non-functional design aspects of the Milwaukee NiCd Battery Trade Dress and uses the mark "MIL" as shown in the product photographs attached as Exhibit 18 and arrives in packaging shown in Exhibit 19 that states "FOR MILWAUKEE" without any reference to the Defendants.

        **ANSWER:**  Audiovox denies that it manufactures the

BTBTMILWAUKEE12AXL 12-volt NiMH battery.   Audiovox Corporation,

Audiovox Accessories Corporation, and Technuity deny that they sell or offered for

sale the BTBTMILWAUKEE12AXL 12-volt NiMH battery.  Batteries.com, LLC

admits that it previously offered the BTBTMILWAUKEE12AXL 12-volt NiMH

battery for sale as a Milwaukee Power Tool Compatible battery, but deny that the

BTBTMILWAUKEE12AXL 12-volt NiMH battery copied the distinctive and non-

functional design aspects of Milwaukee's NiCd Battery Trade Dress.  Batteries.com,

LLC admits that it fairly and descriptively used the term MIL-and that the

packaging fairly and descriptively states that the BTBTMILWAUKEE12AXL 12-

volt NiMH battery is a replacement "FOR MILWAUKEE."  Except as expressly

admitted, Audiovox denies the remaining allegations contained in this Paragraph.


        59.    Defendants manufacture and sell a 2.4-volt NiMH battery advertised as "Milwaukee Power Tool Compatible" (Product Code / Manufacturer Part #: BTBTMILWAUKEE24XL) (hereafter "the BTBTMILWAUKEE24XL 2.4-volt NiMH battery") that uses the mark "MIL" as shown in the product photographs attached as Exhibit 20 and arrives in packaging shown in Exhibit 21 that states "FOR MILWAUKEE" without any reference to the Defendants.

**ANSWER:** Audiovox denies that it manufactures the BTBTMILWAUKEE24XL 2.4-volt NiMH battery.   Audiovox Corporation, Audiovox Accessories Corporation, and Technuity deny that they sell or offered for sale the BTBTMILWAUKEE24XL 2.4-volt NiMH battery.  Batteries.com, LLC admits that it previously offered the BTBTMILWAUKEE24XL 2.4-volt NiMH battery for sale as a Milwaukee Power Tool Compatible battery.  Batteries.com, LLC admits that it fairly and descriptively used the term MIL-and that the packaging fairly and descriptively states that the BTBTMILWAUKEE24XL 2.4-volt NiMH battery is a replacement "FOR MILWAUKEE."  Except as expressly admitted, Audiovox denies the remaining allegations contained in this Paragraph.

60.    As shown in Exhibit 22, the Batteries.com website prominently uses the MILWAUKEE trademark to advertise the BTBTMILWAUKEE28S 28-volt Li-Ion battery, the BTBTMILWAUKEE18BS 18-volt Li-Ion battery, the BTBTMILWAUKEE18AXL 18-volt NiMH battery, the BTBTMILWAUKEE144AXL 14A-volt NiMH battery, the BTBTMILWAUKEE12AXL 12-volt NiMH battery, and the BTBTMILWAUKEE24XL 2.4-volt NiMH battery.

**ANSWER:** Batteries.com, LLC admits that its website previously used the term Milwaukee to fairly and descriptively describe the batteries set forth in Paragraph 60 of the Complaint as being compatible with certain power tools of Milwaukee.  Except as expressly admitted, Audiovox denies the remaining allegations contained in this Paragraph.

61.    Defendants manufacture and sell an 18-volt Li-Ion battery advertised as "Ryobi Power Tool Compatible" (Product Code / Manufacturer Part #:

BTBTRYOBI18BS) (hereafter "the BTBTRYOBI18BS 18-volt Li-Ion battery") that copies the distinctive and non-functional design aspects of the RYOBI Li-Ion Battery Trade Dress and uses the marks "RYO" and "ONE +" as shown in the product photographs attached as Exhibit 23 and arrives in packaging shown in Exhibit 24 that states "FOR RYOBI" without any reference to the Defendants.

**ANSWER:**  Audiovox denies that it manufactures the BTBTRYOBI18BS 18-volt Li-Ion battery.   Audiovox Corporation, Audiovox Accessories Corporation, and Technuity deny that they sell or offered for sale the BTBTRYOBI18BS 18-volt Li-Ion battery.  Batteries.com, LLC admits that it offered the BTBTRYOBI18BS 18-volt Li-Ion battery for sale as a Ryobi Power Tool Compatible battery but deny the BTBTRYOBI18BS 18-volt Li-Ion battery copies the distinctive and non functional designs of the RYOBI Li Ion Battery Trade Dress.  Batteries.com, LLC admits that it fairly and descriptively used the term RYO and ONE +-and that the packaging fairly and descriptively states that the BTBTRYOBI18BS 18-volt Li-Ion battery is a replacement "FOR RYOBI."  Except as expressly admitted, Audiovox denies the remaining allegations contained in this Paragraph.

62.    Defendants manufacture and sell a 12-volt NiCd battery advertised as "Ryobi Power Tool Compatible" (Product Code: DAT00L159, Manufacturer Part #: RY-1204L) (hereafter "the RY-1204L 12-volt NiCd battery").

**ANSWER:**  Audiovox denies that it manufactures the RY-1204L 12-volt NiCd battery.   Audiovox Corporation, Audiovox Accessories Corporation, and Technuity deny that they sell or offered for sale the RY-1204L 12-volt NiCd battery. Batteries.com, LLC admits that it sells the RY-1204L 12-volt NiCd battery as a

Ryobi Power Tool Compatible battery.  Except as expressly admitted, Audiovox

denies the remaining allegations contained in this Paragraph.


63.    Defendants manufacture and sell a 14.4-volt NiCd battery advertised
as "Ryobi Power Tool Compatible" (Product Code: DAT00L161, Manufacturer Part
#: TOOL-161) (hereafter "the TOOL-161 14.4-volt NiCd battery").

**ANSWER:**  Audiovox denies that it manufactures the TOOL-161 14.4-

NiCd battery.   Audiovox Corporation, Audiovox Accessories Corporation, and

Technuity deny that they sell or offered for sale the TOOL-161 14.4-volt NiCd

battery.  Batteries.com, LLC admits that it sells the TOOL-161 14.4-volt NiCd

battery as a Ryobi Power Tool Compatible battery.  Except as expressly admitted,

Audiovox denies the remaining allegations contained in this Paragraph.


64.    Defendants manufacture and sell an 18-volt NiCd battery advertised
as "Ryobi Power Tool Compatible" (Product Code: DATOOL163, Manufacturer Part
#: RY-1804L) (hereafter "the RY-1804L 18-volt NiCd battery").

**ANSWER:**  Audiovox denies that it manufactures the RY-1804L 18-volt NiCd

battery.   Audiovox Corporation, Audiovox Accessories Corporation, and Technuity

deny that they sell or offered for sale the RY-1804L 18-volt NiCd battery.

Batteries.com, LLC admits that it sells the RY-1804L 18-volt NiCd battery as a

Ryobi Power Tool Compatible battery.  Except as expressly admitted, Audiovox

denies the remaining allegations contained in this Paragraph.

65.     As shown in Exhibit 25, the Batteries.com website prominently uses the RYOBI trademark to advertise the BTBTRYOBI18BS 18-volt Li-Ion battery, the RY-1204L 12-volt NiCd battery, the TOOL-16114.4-volt NiCd battery, and the RY-1804L 18-volt NiCd battery.

**ANSWER:**  Batteries.com, LLC admits that its website uses the term Ryobi to fairly and descriptively describe the batteries set forth in Paragraph 65 of the Complaint as being compatible with certain power tools.  Except as expressly admitted, Audiovox denies the remaining allegations contained in this Paragraph.

66.     Defendants' trademark and trade dress infringement described herein has resulted in a customer mistakenly returning one of Defendants' batteries to Plaintiffs, thereby demonstrating actual confusion regarding the source of the Defendants' batteries.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the Complaint, and therefore denies the same.

**Defendants' Misleading Advertising Statements**

67.     Each description of the BTBTMILWAUKEE28S 28-volt Li-Ion battery, the BTBTMILWAUKEE18BS 18-volt Li-Ion battery, the BTBTMILWAUKEE18AXL 18-volt Ni.MH battery, the BTBTMILWAUKEE144AXL 14.4-volt Ni.MH battery, the BTBTMILWAUKEE12AXL 12-volt NiMH battery, and the BTBTMILWAUKEE24XL 2.4-volt Ni.MH battery on the Batteries.com website includes the statements: "Batteries.com can keep your Milwaukee power tool working with a quality battery" and the Batteries.com products "are designed to meet or exceed the original equipment specifications for your Milwaukee power tool." (See Exhibit 22.)

**ANSWER:**  Admitted.

68.     Each description of the BTBTRYOBI18BS 18-volt Li-Ion battery, the RY-1204L 12-volt NiCd battery, the TOOL-161 14.4-volt NiCd battery, and the RY-1804L 18-volt NiCd battery on the Batteries.com website includes the statements: "Batteries.com can keep your Ryobi power tool working with a quality battery" and the Batteries.com products "are designed to meet or exceed the original equipment specifications for your Ryobi power tool." (See Exhibit 25.)

**ANSWER:**  Admitted.

**Plaintiffs' Design Patents**

69.     On August 10, 2004, United States Design Patent No. D494,130 ("the '130 patent") was duly and legally issued to Todd W. Johnson, Dennis J. Grzybowski, Mark A. Kubale, Dieter Rirt, and Volker Siegle for an invention entitled "Battery." A copy of the' 130 patent is attached hereto as Exhibit 26 and made part of this Complaint.

**ANSWER:**  Audiovox admits that a copy of what purports to be the `130 patent is attached to the Complaint as Exhibit 26.  Except as expressly admitted, Audiovox denies the remaining allegations contained in Paragraph 69 of the Complaint.

70.     Milwaukee is the owner by assignment of the' 130 patent.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of the Complaint, and therefore denies the same.

71.     On April 26, 2005, United States Design Patent No. D504,394 ("the '394 patent") was duly and legally issued to Benson Chun Kit Cheung and Daniel

Alex Chunn for an invention entitled "Battery Pack." A copy of the '394 patent is attached hereto as Exhibit 27 and made part of this Complaint.

**ANSWER:**  Audiovox admits that a copy of what purports to be the `394 patent is attached to the Complaint as Exhibit 27.  Except as expressly admitted, Audiovox denies the remaining allegations contained in Paragraph 71 of the Complaint.

72.     Techtronic Power Tools is the owner by assignment of the '394 patent.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 72 of the Complaint, and therefore denies the same.

73.     On March 27, 2007, United States Design Patent No. D539,22l ("the '221 patent") was duly and legally issued to Todd W. Johnson and Scott D. Bublitz for an invention entitled "Battery." A copy of the '221 patent is attached hereto as Exhibit 28 and made part of this Complaint.

**ANSWER:**  Audiovox admits that a copy of what purports to be the `221 patent is attached to the Complaint as Exhibit 28.  Except as expressly admitted, Audiovox denies the remaining allegations contained in Paragraph 73 of the Complaint.

74.     Milwaukee is the owner by assignment of the '221 patent.

**ANSWER:** Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 74 of the Complaint, and therefore denies the same.

75.    On January 1, 2008, United States Design Patent No. D558,670 ("the '670 patent") was duly and legally issued to Douglas K. Ritterling, Taku Ohi, Kenneth M. Brazell, Scott D. Bublitz, Michael W. Phillips, Thomas J. Edwards, Michael L. Welliver, and Todd M. Gehring for an invention entitled "Battery." A copy of the '670 patent is attached hereto as Exhibit 29 and made part of this Complaint.

**ANSWER:** Audiovox admits that a copy of what purports to be the `670 patent is attached to the Complaint as Exhibit 29.  Except as expressly admitted, Audiovox denies the remaining allegations contained in Paragraph 75 of the Complaint.

76.    Milwaukee is the owner by assignment of the '670 patent.

**ANSWER:** Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 76 of the Complaint, and therefore denies the same.

77.    On March 18, 2008, United States Design Patent No. D564,444 ("the '444 patent") was duly and legally issued to Todd W. Johnson and Scott D. Bublitz for an invention entitled "Battery." A copy of the '444 patent is attached hereto as Exhibit 30 and made part of this Complaint.

**ANSWER:** Audiovox admits that a copy of what purports to be the `444 patent is attached to the Complaint as Exhibit 30.  Except as expressly admitted,

Audiovox denies the remaining allegations contained in Paragraph 69 of the Complaint.

78.    Milwaukee is the owner by assignment of the '444 patent.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 78 of the Complaint, and therefore denies the same.

79.    On November 4, 2008, United States Design Patent No. D579,868 ("the '868 patent") was duly and legally issued to Ryan Harrison for an invention entitled "Battery." A copy of the' 868 patent is attached hereto as Exhibit 31 and made part of this Complaint.

**ANSWER:**  Audiovox admits that a copy of what purports to be the `868 patent is attached to the Complaint as Exhibit 31.  Except as expressly admitted, Audiovox denies the remaining allegations contained in Paragraph 79 of the Complaint.

80.    The '868 patent is owned by Techtronic Power Tools. The '868 patent was originally assigned to Eastway Fair Company Ltd., which subsequently was renamed Techtronic Power Tools Technology Limited on May 25, 2009.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 80 of the Complaint, and therefore denies the same.

81.     On November 11, 2008, United States Design Patent No. D580,353 ("the '353 patent") was duly and legally issued to Ryan Harrison and David M. Smith for an invention entitled "Battery." A copy of the '353 patent is attached hereto as Exhibit 32 and made part of this Complaint.

**ANSWER:**  Audiovox admits that a copy of what purports to be the `353 patent is attached to the Complaint as Exhibit 32.  Except as expressly admitted, Audiovox denies the remaining allegations contained in Paragraph 81 of the Complaint.

82.     The '353 patent is owned by Techtronic Power Tools. The '353 patent was originally assigned to Eastway Fair Company Ltd., which subsequently was renamed Techtronic Power Tools Technology Limited on May 25,2009.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 82 of the Complaint, and therefore denies the same.

83.     On June 9, 2009, United States Design Patent No. D593,944 ("the '944 patent") was duly and legally issued to David M. Smith for an invention entitled "Battery." A copy of the '944 patent is attached hereto as Exhibit 33 and made part of this Complaint.

**ANSWER:**  Audiovox admits that a copy of what purports to be the `944 patent is attached to the Complaint as Exhibit 33.  Except as expressly admitted, Audiovox denies the remaining allegations contained in Paragraph 83 of the Complaint.

84.   The '944 patent is owned by Techtronic Power Tools. The '944 patent was originally assigned to Eastway Fair Company Ltd., which subsequently was renamed Techtronic Power Tools Technology Limited on May 25,2009.

**ANSWER:**  Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 84 of the Complaint, and therefore denies the same.

### Defendants' Patent Infringement

85.   Defendants have directly infringed, induced infringement, and contributorily infringed Plaintiffs' exclusive rights in the' 130, '394, '221, 670, '444, '868, '353, and '944 patents ("the patents-in-suit") by manufacturing, importing, using, offering for sale, and/or selling the following products: the BTBTMILWAUKEE28S 28-volt Li-Ion battery (shown at Exhibit 10), the BTBTMILWAUKEE18BS 18-volt Li-Ion battery (shown at Exhibit 12), the BTBTRYOBI18S 18-volt Li-Ion battery (shown at Exhibit 23), and a 19.2-volt NiMH battery (Product Code: BTBTCFM192ML, Manufacturer Part #: BTBTCFM192ML) (hereafter "the BTBTCFM192ML 19.2-volt NiMH battery") (shown at Exhibit 34), which embody the inventions of and are within the scope of the patents-in-suit, and by causing others to use the Defendants' infringing products. Defendants continue to so infringe, induce infringement, and contributorily infringe.

**ANSWER:**  Denied.

86.   As a direct and proximate result of Defendants' patent infringement, Plaintiffs have suffered injury and damage, which continues to accrue, in an amount to be determined at trial.

**ANSWER:**  Denied.

### COUNT I
### DESIGN PATENT INFRINGEMENT OF THE '130 PATENT

87.   Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:** Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

88.    The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

**ANSWER:** Denied.

89.    More specifically, Plaintiffs assert infringement of the '130 patent by the BTBTMILWAUKEE18BS 18-volt Li-Ion battery.

**ANSWER:** Denied.

## COUNT II
## DESIGN PATENT INFRINGEMENT OF THE '394 PATENT

90.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:** Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

91.    The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

**ANSWER:** Denied.

92.     More specifically, Plaintiffs assert infringement of the '394 patent by the BTBTCFM192ML 19.2-volt NiMH battery.

**ANSWER:**  Denied.


## COUNT III
## DESIGN PATENT INFRINGEMENT OF THE '221 PATENT

93.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**  Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

94.     The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

**ANSWER:**  Denied.


95.     More specifically, Plaintiffs assert infringement of the '221 patent by the BTBTMILWAUKEE28S 28-volt Li-Ion battery.

**ANSWER:**  Denied.


## COUNT IV
## DESIGN PATENT INFRINGEMENT OF THE' 670 PATENT

96.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**  Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

97.     The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

**ANSWER:**  Denied.

98.     More specifically, Plaintiffs assert infringement of the '670 patent by the BTBTMILWAUKEE18BS 18-volt Li-Ion battery.

**ANSWER:**  Denied.

## COUNT V
## DESIGN PATENT INFRINGEMENT OF THE '444 PATENT

99.     Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**  Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

100.    The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

**ANSWER:**  Denied.

101.    More specifically, Plaintiffs assert infringement of the '444 patent by the BTBTMILWAUKEE28S 28-volt Li-Ion battery and the BTBTMILWAUKEE18BS 18-volt Li-Ion battery.

**ANSWER:**  Denied.

## COUNT VI
## DESIGN PATENT INFRINGEMENT OF THE '868 PATENT

102.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**  Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

103.    The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

**ANSWER:**  Denied.

104.    More specifically, Plaintiffs assert infringement of the '868 patent by the BTBTRYOBI18S 18-volt Li-Ion battery.

**ANSWER:**  Denied.

## COUNT VII
## DESIGN PATENT INFRINGEMENT OF THE '353 PATENT

105.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**  Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

106.   The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

**ANSWER:**  Denied.

107.   More specifically, Plaintiffs assert infringement of the '353 patent by the BTBTRYOBI18S 18-volt Li-Ion battery.

**ANSWER:**  Denied.

## COUNT VIII
## DESIGN PATENT INFRINGEMENT OF THE '944 PATENT

108.   Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**  Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

109.   The acts of Defendants complained of herein constitute patent infringement under 35 U.S.C. § 271.

**ANSWER:**  Denied.

110.   More specifically, Plaintiffs assert infringement of the '944 patent by the BTBTRYOBI18S 18-volt Li-Ion battery.

**ANSWER:**  Denied.

## COUNT IX
## VIOLATION OF THE LANHAM ACT -FEDERAL TRADEMARK
## INFRINGEMENT OF THE V28 MARK (REG. No. 3,175,161)

111.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**  Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

112.    The acts of Defendants complained of herein constitute trademark infringement in violation of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114, 1125.

**ANSWER:**  Denied.

113.    More specifically, Plaintiffs assert infringement of the V28 mark by use of the mark "28V" on the BTBTMILWAUKEE28S 28-volt Li-Ion battery.

**ANSWER:**  Denied.

114.    Defendants' infringement of the V28 mark is intentional, willful and deliberate.

**ANSWER:**  Denied.

115.    Defendants' conduct alleged above has resulted in a customer mistakenly returning one of Defendants' batteries to Plaintiffs, thereby demonstrating actual confusion regarding the source of the Defendants' batteries. Purchasers and prospective purchasers of Defendants' batteries are likely to be further confused and deceived into believing, contrary to fact, that Defendants'

batteries are genuine Milwaukee batteries or are sponsored or approved by or otherwise associated with Milwaukee, or that Batteries.com is affiliated, connected or associated with Milwaukee.

**ANSWER:** Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 115 of the Complaint, and therefore denies the same.

116.   Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Milwaukee's loss and damage.

**ANSWER:** Denied.

117.   Milwaukee has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

**ANSWER:** Denied.

118.   As a direct and proximate result of the actions of Defendants alleged above, Milwaukee has been damaged and will continue to be damaged.

**ANSWER:** Denied.

## COUNT X
## VIOLATION OF THE LANHAM ACT -FEDERAL TRADEMARK INFRINGEMENT OF THE MILWAUKEE MARKS (REG. Nos. 917,618; 1,489,877; 2,624,843; 3,772,366)

119.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**  Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

120.    The acts of Defendants complained of herein constitute trademark infringement in violation of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114, 1125.

**ANSWER:**  Denied.

121.    More specifically, Plaintiffs assert infringement of the MILWAUKEE Marks by the use of "MIL" on the following products, by the use of MILWAUKEE in the product codes and manufacturer part numbers for the following products, and by the prominent use of MILWAUKEE on Defendants' product packaging and on the Batteries.com website in relation to the following products: the BTBTMILWAUKEE28S 28-volt Li-Ion battery, the BTBTMILWAUKEE18BS 18-volt Li-Ion battery, the BTBTMILWAUKEE18AXL 18-volt NiMH battery, the BTBTMILWAUKEE144AXL 14.4-volt NiMH battery, the BTBTMILWAUKEE12AXL 12-volt NiMH battery, and the BTBTMILWAUKEE24XL 2.4-volt NiMH battery.

**ANSWER:**  Denied.

122.    Defendants' infringement of the MILWAUKEE Marks is intentional, willful and deliberate.

**ANSWER:**  Denied.

123.    Defendants' conduct alleged above has resulted in a customer mistakenly returning one of Defendants' batteries to Plaintiffs, thereby demonstrating actual confusion regarding the source of the Defendants' batteries. Purchasers and prospective purchasers of Defendants' batteries are likely to be further confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine Milwaukee batteries or are sponsored or approved by or otherwise associated with Milwaukee, or that Batteries.com is affiliated, connected or associated with Milwaukee.

**ANSWER:** Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 123 of the Complaint, and therefore denies the same.

124.    Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Milwaukee's loss and damage.

**ANSWER:** Denied.

125.    Milwaukee has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

**ANSWER:** Denied.

126.    As a direct and proximate result of the actions of Defendants alleged above, Milwaukee has been damaged and will continue to be damaged.

**ANSWER:** Denied.

## COUNT XI
## VIOLATION OF THE LANHAM ACT -FEDERAL TRADEMARK
## INFRINGEMENT OF THE RYOBI TRADEMARK (REG. No. 1.995.042)

127.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**  Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

128.    The acts of Defendants complained of herein constitute trademark infringement in violation of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114, 1125 and any common law rights.

**ANSWER:**  Denied.

129.    More specifically, Plaintiffs assert infringement of the RYOBI mark by the use of "RYO" on the BTBTRYOBI18BS 18-volt Li-Ion battery, by the use of RYOBI in the product code and manufacturer part number for the BTBTRYOBI18BS 18-volt Li-Ion battery, and by the use of "RY" in the manufacturer part number for the RY-1204L 12-volt NiCd battery and the RY-1804L 18-volt NiCd battery. Plaintiffs also assert infringement of the RYOBI mark by the prominent use of RYOBI on Defendants' product packaging and on the Batteries.com website in relation to the following products: the BTBTRYOBI18BS 18-volt Li-Ion battery, the RY-1204L 12-volt NiCd battery, the TOOL-161 14.4-volt NiCd battery, and the RY-1804L 18-volt NiCd battery.

**ANSWER:**  Denied.

130.    Defendants' infringement of the RYOBI mark IS intentional, willful and deliberate.

**ANSWER:**  Denied.

131.    Due to Defendants' conduct alleged above, purchasers and prospective purchasers of Defendants' batteries are likely to be confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine RYOBI-brand batteries or are sponsored or approved by or otherwise associated with TTi or A&M as licensees of the RYOBI mark, or that Batteries.com is affiliated, connected or associated with TTi or A&M as licensees of the RYOBI mark.

**ANSWER:**  Denied.

132.    Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to the loss and damage of TTi and A&M.

**ANSWER:**  Denied.

133.    TTi and A&M have suffered and will continue to suffer injury to their reputations and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

**ANSWER:**  Denied.

134.    As a direct and proximate result of the actions of Defendants alleged above, TTi and A&M have been damaged and will continue to be damaged.

**ANSWER:**  Denied.

## COUNT XII
## <u>VIOLATION OF THE LANHAM ACT -FEDERAL TRADEMARK INFRINGEMENT OF THE ONE + SYSTEM (REG. No. 3,298,798) AND ONE + TRADEMARK</u>

135.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**  Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

136.    The acts of Defendants complained of herein constitute trademark infringement in violation of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114, 1125.

**ANSWER:**  Denied.

137.    More specifically, Plaintiffs assert infringement of the ONE + SYSTEM, ONE + and stylized ONE + marks (the "ONE + Marks") by the use of ONE + on the following product: the BTBTRYOBI18BS 18-volt Li-Ion battery.

**ANSWER:**  Denied.

138.    Defendants' infringement of the ONE + Marks is intentional, willful and deliberate.

**ANSWER:**  Denied.

139.    Due to Defendants' conduct alleged above, purchasers and prospective purchasers of Defendants' batteries are likely to be confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine RYOBI-brand batteries or are sponsored or approved by or otherwise associated with Techtronic Power Tools, or that Batteries.com is affiliated, connected or associated with Techtronic Power Tools.

**ANSWER:** Denied.

140.    Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Techtronic Power Tools' loss and damage.

**ANSWER:** Denied.

141.    Techtronic Power Tools has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

**ANSWER:** Denied.

142.    As a direct and proximate result of the actions of Defendants alleged above, Techtronic Power Tools has been damaged and will continue to be damaged.

**ANSWER:** Denied.

## COUNT XIII
## VIOLATION OF THE LANHAM ACT -FEDERAL TRADEMARK INFRINGEMENT OF THE VIS TRADEMARK

143.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:** Audiovox incorporates by reference its answers to the foregoing

paragraphs as though fully set forth herein.

144.    The acts of Defendants complained of herein constitute trademark infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

**ANSWER:**  Denied.

145.    More specifically, Plaintiffs assert infringement of the V18 mark by the use of the mark "18V" on the following product: the BTBTMILWAVKEE18BS 18-volt Li-Ion battery.

**ANSWER:**  Denied.

146.    Defendants' infringement of the V18 trademark is intentional, willful and deliberate.

**ANSWER:**  Denied.

147.    Due to Defendants' conduct alleged above, purchasers and prospective purchasers of Defendants' batteries are likely to be confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine Milwaukee batteries or are sponsored or approved by or otherwise associated with Milwaukee, or that Batteries.com is affiliated, connected or associated with Milwaukee.

**ANSWER:**  Denied.

148.    Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Milwaukee's loss and damage.

**ANSWER:**  Denied.

149.    Milwaukee has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

**ANSWER:**  Denied.


150.    As a direct and proximate result of the actions of Defendants alleged above, Milwaukee has been damaged and will continue to be damaged.

**ANSWER:**  Denied.


## COUNT XIV
## VIOLATION OF THE LANHAM ACT -FEDERAL TRADEMARK INFRINGEMENT OF THE V28 LI-ION BATTERY TRADE DRESS

151.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**  Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.


152.    The acts of Defendants complained of herein constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

**ANSWER:**  Denied.


153.    More specifically, Plaintiffs assert infringement of the V28 Li-Ion Battery Trade Dress by the following product: the BTBTMILWAUKEE28S 28-volt Li-Ion battery.

**ANSWER:** Denied.

154.   Defendants' infringement of the V28 Li-Ion Battery Trade Dress is intentional, willful and deliberate.

**ANSWER:** Denied.

155.   Defendants' conduct alleged above has resulted in a customer mistakenly returning one of Defendants' batteries to Plaintiffs, thereby demonstrating actual confusion regarding the source of the Defendants' batteries. Purchasers and prospective purchasers of Defendants' batteries are likely to be further confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine Milwaukee batteries or are sponsored or approved by or otherwise associated with Milwaukee, or that Batteries.com is affiliated, connected or associated with Milwaukee.

**ANSWER:** Audiovox lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 155 of the Complaint, and therefore denies the same.

156.   Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Milwaukee's loss and damage.

**ANSWER:** Denied.

157.   Milwaukee has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

**ANSWER:**  Denied.


158.    As a direct and proximate result of the actions of Defendants alleged above, Milwaukee has been damaged and will continue to be damaged.


**ANSWER:**  Denied.


## COUNT XV
## VIOLATION OF THE LANHAM ACT - FEDERAL TRADEMARK INFRINGEMENT OF THE VIS LI-ION BATTERY TRADE DRESS

159.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.


**ANSWER:**  Audiovox incorporates by reference its answers to the foregoing

paragraphs as though fully set forth herein.


160.    The acts of Defendants complained of herein constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

**ANSWER:**  Denied.


161.    More specifically, Plaintiffs assert infringement of the V18 Li-Ion Battery Trade Dress by the following product: the BTBTMILWAUKEE18BS 18-volt Li-Ion battery.


**ANSWER:**  Denied.


162.    Defendants' infringement of the V18 Li-Ion Battery Trade Dress is intentional, willful and deliberate.

**ANSWER:** Denied.

163.   Due to Defendants' conduct alleged above, purchasers and prospective purchasers of Defendants' batteries are likely to be confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine Milwaukee batteries or are sponsored or approved by or otherwise associated with Milwaukee, or that Batteries.com is affiliated, connected or associated with Milwaukee.

**ANSWER:** Denied.

164.   Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Milwaukee's loss and damage.

**ANSWER:** Denied.

165.   Milwaukee has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

**ANSWER:** Denied.

166.   As a direct and proximate result of the actions of Defendants alleged above, Milwaukee has been damaged and will continue to be damaged.

**ANSWER:** Denied.

## COUNT XVI
## VIOLATION OF THE LANHAM ACT - FEDERAL TRADEMARK INFRINGEMENT OF THE MILWAUKEE NICD BATTERY TRADE DRESS

167.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER**:  Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

168.    The acts of Defendants complained of herein constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

**ANSWER**:  Denied.

169.    More specifically, Plaintiffs assert infringement of the Milwaukee NiCd Battery Trade Dress by the following products: the BTBTMILWAUKEE18AXL 18-volt NiMH battery, the BTBTMILWAUKEE144AXL 14.4-volt NiMH battery, and the BTBTMILWAUKEE12AXL 12-volt NiMH battery.

**ANSWER**:  Denied.

170.    Defendants' infringement of the Milwaukee NiCd Battery Trade Dress is intentional, willful and deliberate.

**ANSWER**:  Denied.

171.    Due to Defendants' conduct alleged above, purchasers and prospective purchasers of Defendants' batteries are likely to be confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine Milwaukee

batteries or are sponsored or approved by or otherwise associated with Milwaukee, or that Batteries.com is affiliated, connected or associated with Milwaukee.

**ANSWER:**  Denied.


172.    Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Milwaukee's loss and damage.

**ANSWER:**  Denied.


173.    Milwaukee has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

**ANSWER:**  Denied.


174.    As a direct and proximate result of the actions of Defendants alleged above, Milwaukee has been damaged and will continue to be damaged.

**ANSWER:**  Denied.


## COUNT XVII
## <u>VIOLATION OF THE LANHAM ACT - FEDERAL TRADEMARK</u>
## <u>INFRINGEMENT OF THE RYOBI LI-ION BATTERY TRADE DRESS</u>


175.    Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:** Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

176.    The acts of Defendants complained of herein constitute trade dress infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

**ANSWER:** Denied.

177.    More specifically, Plaintiffs assert infringement of the RYOBI Li-Ion Battery Trade Dress on the following product: the BTBTRYOBI18BS 18-volt Li-Ion battery.

**ANSWER:** Denied.

178.    Defendants' infringement of the RYOBI Li-Ion Battery Trade Dress is intentional, willful and deliberate.

**ANSWER:** Denied.

179.    Due to Defendants' conduct alleged above, purchasers and prospective purchasers of Defendants' batteries are likely to be confused and deceived into believing, contrary to fact, that Defendants' batteries are genuine RYOBI-brand batteries or are sponsored or approved by or otherwise associated with Techtronic Power Tools, or that Batteries.com is affiliated, connected or associated with Techtronic Power Tools.

**ANSWER:** Denied.

180.   Defendants' conduct alleged herein creates a likelihood of confusion, mistake, and deception as to the source and sponsorship of Defendants' goods, all to Techtronic Power Tools' loss and damage.

**ANSWER:**  Denied.


181.   Techtronic Power Tools has suffered and will continue to suffer injury to its reputation and goodwill unless Defendants are enjoined from continuing their intentional misconduct.

**ANSWER:**  Denied.


182.   As a direct and proximate result of the actions of Defendants alleged above, Techtronic Power Tools has been damaged and will continue to be damaged.

**ANSWER:**  Denied.


## COUNT XVIII
## VIOLATION OF THE LANHAM ACT - FALSE ADVERTISING


183.   Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:**  Audiovox incorporates by reference its answers to the foregoing

paragraphs as though fully set forth herein.


184.   Defendants' statements on the Batteries.com website that their batteries "are designed to meet or exceed the original equipment specifications for your Milwaukee power tool" or "are designed to meet or exceed the original equipment specifications for your Ryobi power tool" imply that Defendants'

batteries are superior or equal to Plaintiffs' batteries. Upon information and belief, Defendants have no substantiation for their quality claims and Defendants' batteries are inferior in quality to Plaintiffs' batteries.

      **ANSWER:**  Denied.

      185.   Defendants' false advertising and misrepresentations are likely to influence consumers' purchasing decisions. They are likely to deceive and, upon information and belief, have deceived a substantial segment of consumers and potential consumers.

      **ANSWER:**  Denied.

      186.   The acts of Defendants complained of herein constitute false advertising and false endorsement under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(l)(B).

      **ANSWER:**  Denied.

## COUNT XIX
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

      187.   Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

      **ANSWER:**  Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

      188.   The acts of Defendants complained of herein constitute common law trademark and trade dress infringement and unfair competition under the laws of the State of Wisconsin.

**ANSWER:** Denied.

## COUNT XX
## WISCONSIN FALSE ADVERTISING

189.   Plaintiffs reallege and incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

**ANSWER:** Audiovox incorporates by reference its answers to the foregoing paragraphs as though fully set forth herein.

190.   The acts of Defendants complained of herein constitute false advertising under Wis. Stat. § 100.18.

**ANSWER:** Denied.

WHEREFORE, Audiovox pray that Plaintiffs take nothing by way of their Complaint, for judgment in favor of Audiovox on each and every claim for relief set forth above and an award to Audiovox of such other further relief as the Court deems just and equitable.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Audiovox asserts the following Affirmative Defenses set forth below. Audiovox reserves the right to add additional defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

1. Audiovox has not committed and is not now committing any act of infringement of the Milwaukee Marks, the V28 trademark, the V18 trademark, the V28 trade dress, the V18 trade dress, the Milwaukee NiCd Trade Dress, the RYOBI trademark, the ONE + SYSTEM trademark, the ONE + trademark or logo, or the Ryobi Li-Ion Trade Dress.

2. The asserted battery trade dress at issue in this action is functional, not distinctive and has not acquired secondary meaning.

3. Batteries.com's use of the trademarks at issue constitutes a permissible fair use.

4. The V28 and V18 trademarks are generic and/or merely descriptive and invalid.

5. The use of red and black in connection with the products at issue is common in the industry.

6. Batteries.com's statements about the batteries at issue are truthful and not misleading.

7. Plaintiffs are not entitled to enhanced or increased damages for willful trademark infringement, trade dress infringement or false advertising

because Audiovox has not engaged in any conduct that meets the applicable standard for willful infringement.

8. Upon information and belief, Audiovox has not committed and is not now committing any acts of infringement of the `130 patent, the `394 patent, the `221 patent, the `670 patent, the `444 patent, the `868 patent, the `353 patent, or the `944 patent (hereafter the "patents in suit"), directly, indirectly, or jointly, and Audiovox has not induced or contributed to and is not inducing or contributing to any infringement of the patents in suit.

9. Plaintiffs are estopped from asserting that Audiovox infringes one or more claims of the patents in suit, either literally or under the doctrine if equivalents, including pursuant to the Doctrine of Prosecution History Estoppel.

10. At least one claim of the patents in suit is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and 112.

11. Plaintiffs are not entitled to enhanced or increased damages for willful patent infringement because Audiovox has not engaged in any conduct that meets the applicable standard for willful infringement.

12. Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

13. Plaintiffs cannot prove that this is an exceptional case justifying any type of award of attorney fees under any applicable law or statute.

14. Plaintiffs Complaint fails to state a claim upon which relief can be granted.

15. Audiovox reserves the right to include any further Additional or Affirmative Defenses after discovery or investigation, including that one or more of the patents in suit were procured by inequitable conduct, and that the claims alleged in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

<u>JURY DEMAND</u>

Defendants demand a trial by jury on all matters and issues triable by a jury.

Respectfully submitted,

s/George H. Solveson

GEORGE H. SOLVESON (#1010395)
AARON T. OLEJNICZAK (#1034997)
DANIEL I. HANRAHAN (#1036479)
Andrus, Sceales, Starke & Sawall, LLP
100 East Wisconsin Avenue, #1100
Milwaukee, WI 53202

Telephone: 414-271-7590
Facsimile: 414-271-5770

E-mail: georges@andruslaw.com
E-mail: aarono@andruslaw.com
E-mail: dhanrahan@andruslaw.com

Attorneys for Defendants – Audiovox Corporation, Audiovox Accessories Corporation, Technuity, Inc., and Batteries.com, LLC

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record through the Court's electronic filing system on this 28 day of November, 2011.


J. Donald Best
Matthew D. Brown
MICHAEL, BEST & FRIEDRICH LLP
One South Pickney Street, Ste.700
Madison, WI  53703

Melanie J. Reichenberger
MICHAEL, BEST & FRIEDRICH LLP
100 E. Wisconsin Ave., Ste. 3300
Milwaukee, WI  53202


and I hereby certify that a true and correct copy of the foregoing has been served upon the

following (not on the ECF electronic service list):

Richard H. Marschall
MICHAEL, BEST & FRIEDRICH LLP
100 E. Wisconsin Ave., Ste. 3300
Milwaukee, WI  53202


<u>s/George H. Solveson</u>
George H. Solveson


KD_3773198_2.DOCX